■ In the Matter of IDA J. JACOBS, Respondent, v. HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Appellant.— Order, entered on October 29, 1963, annulling the determination of the City Rent and Rehabilitation Administrator which had denied an application for a certificate of eviction pursuant to subdivision a of section 55 of the City Rent, Eviction and Rehabilitation Regulations and directing that a certificate of eviction issue, unanimously reversed, on the law and the facts, with $20 costs and disbursements to the respondent-appellant; the petition is dismissed and the determination reinstated. The City Rent Administrator found that the applicant-landlord was not proceeding in good faith. There is substantial evidence in the record to support that determination. Since the order of the Rent Administrator had a reasonable basis, and was not arbitrary or capricious, the courts may not disturb the determination and substitute their judgment for that of the Administrator. (*Matter of Friedman* v. *Weaver*, 3 N Y 2d 123, 126; *Matter of First Terrace Gardens* v. *McGoldrick*, 1 N Y 2d 1, 3.) Accordingly, the finding of the Rent Administrator should not have been annulled. Concur— Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.

■ EMMA M. BOWLES, an Infant, by HATTIE BOWLES, Her Guardian ad Litem, et al., Appellants, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.— Judgment appealed from unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and with leave to plaintiffs to apply to amend their pleadings and bill of particulars, upon terms, and a new trial ordered. In this action for damages for personal injuries and for loss of services, the accident complained of occurred June 15, 1956 in a school lunchroom. The infant plaintiff, age 11½ years, with a claimed mental capacity of 5 years at the time, sustained severe injuries. An action was instituted against respondent based upon alleged violations of the Education Law and the Labor Law and which also charged common-law negligence. The bill of particulars served in response to the demand rests chiefly upon allegations of common-law negligence with, at most, an improper, indirect and unsatisfactory reference to the claimed statutory violations. This may be corrected by the amendments permitted. At the trial the issue of liability, over plaintiffs' objections, was directed to be tried first. It cannot be said upon this record that there was sufficient proof to entitle plaintiffs to recover and it may be that upon a retrial the result will be the same. However, in light of the infant's retarded intellectual development and our conclusion that plaintiff was not afforded a sufficient and fair opportunity to present and develop its case, a new trial should be directed. (See *Soto* v. *Correa*, 20 A D 2d 694; *Gonzalez* v. *Mackler*, 19 A D 2d 229.) Since a violation of statute is claimed also, plaintiff should not have been unduly restricted in the presentation of its proof, nor forestalled by what were in some instances meaningless concessions. (Cf. *Warney* v. *Board of Educ.*, 290 N. Y. 329.) The conclusion of the court that the infant was not mentally retarded at the time of the accident is completely without support in the record. Concur— Breitel, J. P., Stevens, Eager, Steuer and Witmer, JJ.