JAMES G. RIFE, Respondent, *v.* UNION COLLEGE, Defendant and Third-Party Plaintiff-Appellant; ALBANY WINDOW CLEANING Co., INC., Third-Party Defendant.

Third Department, November 4, 1968.

*Harold E. Blodgett* for appellant.

*Nicholas J. Grasso* (*Nathan M. Medwin* of counsel), for respondent.

*Joseph M. Soviero* for third-party defendant.

GABRIELLI, J. This is an appeal from an order of the Supreme Court, Schenectady County, entered October 26, 1967, which granted plaintiff's motion to amend the complaint.

As a result of injuries sustained while washing a window on a building owned by the main defendant, suit was commenced in which common-law negligence was charged. Thereafter the defendant impleaded the third-party defendant and there followed a series of examinations before trial and the filing of bills of particulars in which various claims of negligence were made including the violation of the provisions of the Labor Law. The third-party defendant has no objection to the amendment of the complaint. On the day before trial was to commence, plaintiff's counsel moved, pursuant to CPLR 3025, to amend the complaint to add allegations charging appellant with violations of section 202 of the Labor Law and rule 21 of the Industrial Code of the Board of Standards and Appeals (12 NYCRR Part 21), alleging oversight and inadvertence in the preparation of the complaint by a clerk in his law office. An order allowing the amendment, conditioned on the payment by plaintiff of taxable costs plus $10 motion costs to the appellant, was entered. The appellant contends that the permitted amendment adds an additional cause of action, all of which is prejudicial to its rights and

defenses. With this contention we cannot agree. One cannot successfully claim prejudice when he has had full knowledge of all the facts and an opportunity to present his theory of the case is allowed. (*Bowles* v. *Board of Educ. of City of New York,* 20 A D 2d 780.)

It appears that paragraph 5 of the original complaint charges appellant with negligence '' in its failure to provide proper protection and equipment and maintain safety devices at the aforesaid premises, and permitting, suffering and allowing the windows of the said Bailey Hall building to be cleaned without providing the means to properly perform such work in a safe manner *and in failing to comply with the laws and statutes in such cases made and provided,* all of which caused injuries to the plaintiff hereinafter alleged.'' (Emphasis supplied.) Additionally an examination of the amended complaint shows that it substantially contains the same allegations as the original complaint to which there have been added the specific statutes and rule claimed to have been violated in further explaining and defining the allegations of statutory violations set forth in the original complaint. It further appears that appellant had been made aware of these claims throughout the pretrial proceedings.

CPLR 3025 (subd. [b]) provides that '' A party may amend his pleading * * * at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including the granting of costs and continuances.'' With its purpose to insure the full litigation of a controversy, the stated policy of liberality should be observed so long as there is no real prejudice to an adversary. (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3025.11; 6 Carmody-Wait 2d, New York Practice, § 34:16.) Appellant's reference to the possibility of not securing the attendance of a witness is both illusory and unsubstantiated. That the case has not proceeded to trial since the argument of the motion to amend, does not appear to be the fault of the plaintiff.

Here the plaintiff has not set forth any new unknown or unalleged facts in the amended complaint, but at most has merely set forth an additional theory of the law based upon the facts formerly alleged. Well-reasoned authority permits the amendment here sought by plaintiff, in order to permit a fair, just and untrammeled disposition of litigation in situations such as here presented. (*Godell* v. *Greyhound Rent A Car,* 24 A D 2d 568; *Tobias* v. *Kesseler,* 18 A D 2d 1094.) We would further note that the appellant has not been denied taking measures for its defense and, under the circumstances here presented, a denial of the motion would create greater prejudice than would granting

it. (*Town Bd. of Town of Fallsburgh* v. *National Sur. Corp.,* 53 Misc 2d 23, affd. 29 A D 2d 726.)

The order should be affirmed.

HERLIHY, J. P., REYNOLDS, AULISI and STALEY, JR., JJ., concur.

Order affirmed, with costs.