Irving Kirschenbaum, J.
This is a motion by the defendant Richard A. Viguerie Company, Inc. (Ravco) made pursuant to CPLR 3211 (subd [a], par 8) to dismiss the action for lack of personal jurisdiction. The action is brought by the State of New York (State) to enjoin Ravco, a foreign corporation, from planning, conducting, managing or carrying on any drive or *508 campaign in New York State through the mails for the purpose of soliciting contributions for or on behalf of charitable organizations unless and until Ravco registers as a professional fund raiser pursuant to article 10-A of the Social Services Law.
The action was commenced by service of summons on Ravco pursuant to article 10-A. Section 482-d of the Social Services Law provides that service of process on a nonresident charitable organization shall be made by service on the Secretary of State of the State of New York as the charitable organization’s designated agent for service of process and further, that process be sent by registered mail, return receipt requested, to the organization’s home or principal office. Service is deemed completed upon receipt by the State Attorney-General’s office of the signed return receipt or, 10 days after the return of the original envelope by the postal authorities bearing notation that delivery was refused. The other three defendants who are nonresident charitable organizations were served likewise pursuant to section 482-d. The State cross-moves to amend the service of process nunc pro tunc to show that Ravco was in fact served pursuant to section 482-j rather than section 482-d. Under 482-j, which encompasses activities of professional fund raisers, professional solicitors and commercial coventurers, there is provision for service upon the Office of the Secretary of State with a copy to be sent to the charity’s home or principal office by registered mail, return receipt requested, except that under section 482-j, service is deemed completed 10 days after the return receipt is delivered to the Attorney-General or 10 days after return of the original envelope marked refused.
Ravco opposes the cross motion to amend on the grounds that an amendment is permissible only if the court initially has jurisdiction, and that the amendments sought are more than technicalities or irregularities but are in fact substantive alterations which materially affect the action.
The cross motion to amend service to indicate Ravco was served pursuant to section 482-j rather than section 482-d is in all respects granted. Leave to amend should be liberally granted in the absence of substantial prejudice to one of the parties (CPLR 3025, subd [b]; Rife v Union College, 30 AD2d 504). The apparent distinction as between section 482-d and section 482-j is the fact that under section 482-j service of process is not completed until 10 days after receipt by the *509 Attorney-General of the requested return receipt or of the original envelope marked refused whereas under section 482-d service is deemed completed upon delivery of the return receipt to the Attorney-General or, 10 days after return of the original envelope marked refused. Thus, the practical effect as to the difference in the mode of service under the two sections is that a party served pursuant to section 482-j would be afforded an additional 10 days to serve his answer. No facts are set forth sufficient to show that Ravco has been or will be prejudiced by the grant of this relief. Indeed, Ravco’s position is apparently that Ravco is not amenable to process under either section. Nor has there been ample proof to demonstrate that to grant the amendment will materially alter any substantive rights of Ravco. The theory of the action remains the same, to wit, the alleged violation of article 10-A of the Social Services Law by Ravco in its alleged failure to register and post bond as a professional fund raiser, or professional solicitor or commercial coventurer and to restrain Ravco until complying with article 10-A.
In support of the motion to dismiss for want of jurisdiction, Ravco contends that its services rendered to the codefendant charities are not within the ambit of article 10-A, specifically section 482-d or section 482-j, in that Ravco does not engage in the solicitation of funds in New York; does not manage or conduct any drive or campaign through the mails for purposes of soliciting contributions and maintains no offices in New York for any of the afore-mentioned purposes. Further, Ravco urges, due to the lack of the requisite minimal contacts with the State of New York, to subject Ravco to jurisdiction in personam would be in violation of procedural due process. Ravco contends that the services rendered by it to the co-defendant charitable organizations is analogous to the services rendered by an advertising firm to its clients in that Ravco provides "creative” expertise and advice in preparation of the contents of a mailing; evaluates the sampling of possible donors; supplies appropriate mailing lists for use by clients and renders assistance and advice with regard to the procedural aspects of direct mail solicitation.
The court determines that Ravco is in fact subject to jurisdiction pursuant to section 482-j of the Social Services Law as a professional solicitor and commercial coventurer. The agreements between Ravco and the codefendant charitable organizations provide, inter alia, that Ravco will render its advice *510 and expertise with respect to direct mail solicitations; Ravco would be paid a per letter fee for letters and a per name fee for use of mailing lists owned by or supplied by Ravco and other itemized charges. The agreement further provides that all contributions obtained through Ravco’s efforts shall be placed in a separate bank account to be used to disburse funds for costs of such solicitation and the balance to be divided on a stated basis between Ravco and the client for costs of mailings. In the event there is deficit at the end of a calendar year of any amount up to but not in excess of a stated amount (one contract recites $50,000 as the amount), Ravco has first claim on future contributions during the succeeding calendar year. The agreements give Ravco the authority to control the charities’ bank accounts to the extent mentioned and first claim on any moneys. To accept the contention that the services rendered by Ravco are analogous to services performed by an advertising agency to a client is to indulge in some myopic thinking without regard to the realities present. Ravco’s similar contention that it does not fall within the scope of the statutory definition of a professional fund raiser or professional solicitor is likewise not persuasive. Ravco admittedly supplies and selects the list of possible donors. On basis of Ravco’s suggestions letters are sent to potential donors and on return, the donors’ responses and contributions or comments are weighed and evaluated by Ravco, not by the charitable organization. It would appear that the charity’s role in direct mail solicitation is at most a passive role with Ravco performing substantially all of the services even to the extent of limiting the manner whereby the funds raised are to be disbursed. Ravco’s further contention that if this court asserts jurisdiction, Ravco would be denied due process because it lacks minimum contacts with New York, a necessary predicate to base jurisdiction, will not avail to Ravco. Nor is the fact that Ravco has its business offices outside of New York State controlling. It is the primacy of the State’s interest to provide for the general welfare of its citizens which sanctions the imposition of reasonable regulations of direct mail solicitations engaged in by nonresident professional fund raisers, professional solicitors or commercial coventurers (see NY Legis Doc, 1954, No. 26; NY Legis Ann, 1954, p 521). Here the Legislature in full recognition of the potential abuses inherent in direct mail charitable solicitations has by enactment of article 1Q-A sought to regulate the conduct of organizations engaged in such solicitations by requiring, inter alia, registra *511 tion and posting of a bond as a condition precedent to the conduct of such activity (see Cantwell v Connecticut, 310 US 296). The basis of jurisdiction in this case finds ample support in the decisional law, particularly with respect to State regulations imposed by virtue of the "blue sky” laws in securities transactions (see, e.g., Travelers Health Assn, v Virginia, 339 US 643; Merrick v Halsey & Co., 242 US 568). Moreover, the issuance of a single insurance policy by a nonresident insurer has been held to be a predicate sufficient to assert personal jurisdiction (see McGee v International Life Ins. Co., 355 US 220). To satisfy procedural due process enabling the court to render a personal judgment, all that is required is that the party sued if not present within the forum State have certain minimum contacts with it such that maintenance of the suit will not offend traditional notions of fair play and substantial justice (see International Shoe Co. v Washington, 326 US 310). Ravco allegedly engages in an activity subject to reasonable regulation by this State’s Legislature through the valid exercise of the State’s police powers. The mode of service provided under article 10-A (§ 482 and its subparagraphs) does in no manner tend to offend the notions of fair play or substantial justice (cf Hanson v Denckla, 357 US 235). The reasonable regulation of Ravco’s activities within this State pursuant to article 10-A is made in the interest of protecting the general welfare of its citizens with regard to activities susceptible to abuses being perpetrated on an unsuspecting public, which is obviously a sphere where the State has a genuine and compelling interest.
Accordingly, the cross motion to amend service of process nunc pro tunc to reflect that same was pursuant to section 482-j is granted; the motion to dismiss for lack of jurisdiction is in all respects denied.