■ Herbert Lagin et al., Respondents, v Edward Lagin et al., Appellants.—Order, Supreme Court, Bronx County, entered on December 13, 1976, granting plaintiffs' motion for leave to serve as amended complaint, reversed, on the law, on the facts and in the exercise of discretion and motion denied, without costs and without disbursements, and without prejudice to renewal upon proper papers as indicated herein. This action was commenced by personal service of a summons alone in September, 1971. The original and first amended complaints sought only declaratory and equitable relief. By this motion plaintiffs seek, for the first time, to recover monetary damages. Defendants, after being personally served, appeared generally and actively participated in this action. Having appeared herein in response to service of a summons alone, defendants would not be prejudiced by a proper amendment to the complaint, since such original appearance was not in response to any particular cause pleaded. Such amendment, however, especially at this late date, must be supported by a factual affidavit of merits by a party having knowledge thereof and a factual demonstration of an adequate excuse for the delay in seeking the amendment. The attorney's affidavits submitted in support of the motion are deficient in both respects. Concur—Murphy, P. J., Silverman and Capozzoli, JJ.; Lupiano, J., dissents

in the following memorandum: When this action was commenced in September, 1971 by service of a summons only, defendants-appellants interposed a notice of appearance and demanded a copy of the complaint. The original complaint alleged, *inter alia,* that plaintiff Herbert Lagin and defendant Edward Lagin had been, since prior to 1947, equal owners of plaintiff Premier International Corporation; in 1945, they organized plaintiff Luminiere Manufacturing Co. in which they also were equal partners; in 1959, the joint assets of Herbert and Edward and the assets of Luminiere were used to acquire an Italian glass manufacturing company which was subsequently reorganized as defendant Arte Vetri Italiane (AVI); at the time of this acquisition, it was intended that Edward reside in Italy and supervise the Italian business; the shares of AVI were placed in the name of Edward with the understanding that 50% of those shares and of the shares of any other Italian facilities subsequently acquired were to be held for the benefit of Herbert, subject to delivery to him upon demand; that Edward refused Herbert's demand for delivery. The complaint concluded by requesting a declaratory judgment that Herbert is the owner of 50% of the AVI shares and that Edward deliver the shares and account for profits received by AVI. It appears that after joinder of issue the deposition of defendant Edward Lagin was taken by plaintiffs in October, 1972. Plaintiffs next served a note of issue requesting declaratory relief and a statement of readiness. Thereafter, pursuant to agreement between the parties, the deposition of plaintiff Herbert Lagin was held in July, 1975. Subsequently, pursuant to stipulation between the parties, plaintiffs served an amended complaint dated July 16, 1975 seeking the same relief as the original. On or about September 25, 1975, plaintiffs attempted to serve a second amended complaint which was rejected by defendants-appellants. The second amended complaint is essentially based on the same facts as contained in the original complaint. However, it further alleges that the joint assets used to acquire the Italian companies amounted to approximately $1,500,000; that Edward had appropriated the Italian assets to his own use and established defendant Glascor Corporation (a New York corporation) to distribute the materials manufactured in Italy while refusing those materials to plaintiffs contrary to agreement. In addition to declaratory relief, the proposed second amended complaint sought $1,500,000 in damages. The rejection by defendants-appellants of the second amended complaint necessitated a motion by plaintiffs to permit them to serve same, which motion was granted. Plaintiffs' counsel, in justification of the proposed second amended complaint, related that he "visited Italy for the purpose * * * of discussing with defendant Edward Lagin the dissolution of the joint ventures. [He] was never permitted to talk to Edward * * * by his attorneys. He was told that Edward Lagin was no longer capable of operating the Italian properties but that they were being operated by his wife and daughter. No discussion was held with respect to possible dissolution of the joint venture, except that it was made clear that the wife and daughter intended to continue to operate the Italian properties for their benefit * * * because of the substantial change in circumstances, the original relief requested that the Italian properties be determined to be part of the properties of the joint enterprise, is no longer sufficient. If such determination were made further action would be required to take over the properties since plaintiffs have been told that voluntary compliance with such judgment would not take place * * * assuming that Edward Lagin is incapable * * * and * * * has turned the Italian properties over to his wife and daughter, the value of the investment in these properties could be adversely affected. To protect the value of * * * and to prevent the possible

loss of such investments plaintiffs request in the proposed amended complaint that [defendants] reimburse plaintiffs for such investment." Defendants' contention that the amendment is improper with respect to Edward and AVI because they are nonresidents, is without merit. After these defendants were personally served in this jurisdiction with the summons only, they put in a general notice of appearance and proceeded to participate in the action. By such appearance, defendants subjected themselves to the jurisdiction of the court and may be subject to the assertion of new claims by amendment despite their nonresident status (see *Everitt v Everitt,* 4 NY2d 13; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.10). The situation might be different where one interposes a general appearance after service of a summons and complaint, for there the appearance, it may be argued, is limited to the cause or causes stated in the complaint. Here, however, the appearance was not pursuant to any particular cause pleaded. The general rule that on a motion to amend a pleading, the merits of the proposed amendment would not be examined except where merit was clearly lacking and the allowance of amendment therefore idle, has been modified in this Department to permit reasoned exploration of the merits *(East Asiatic Co. v Corash,* 34 AD2d 432). This exploration is circumscribed by the particular circumstances of each case and the dictate of CPLR 3025 (subd [b]) that "Leave shall be freely given upon such terms as may be just". At all times we must be mindful of the inquiry as to whether the party has been prejudiced by the delay in seeking amendment. Here, the underlying facts forming the basis for the proposed second amended complaint do not materially differ from those set forth in the original and first amended complaints. Essentially all the complaints rest on the parties' relationship going back many years and the claim that defendant Edward did not honor the agreement to hold 50% of the Italian assets for his brother. Indeed, implied in the original and first amended complaint is the contention that Edward claimed and used the assets for his sole benefit. The proposed amendment, therefore, does not alter the facts, but merely adds a new theory of recovery. As such, the amendment would permit "a fair, just and untrammeled disposition of [the] litigation" *(Rife v Union Coll.,* 30 AD2d 504, 505). Further, we must be mindful that after the note of issue and statement of readiness were served, the parties pursuant to stipulations charted their own course. Also, defendants are not prejudiced. Sufficient reason is set forth why the additional relief requested in the proposed second amended complaint was not originally sought and is now needed. With the assets allegedly in the hands of third parties, declaratory relief is no longer necessarily adequate. In this regard, the affidavit of plaintiffs' counsel was based on *personal knowledge* for he discovered the "facts" himself in the course of litigation. Examining the merits as presented on this record and viewing all the circumstances, it is concluded that plaintiffs were entitled to the relief requested and Special Term acted properly in granting such relief. The plaint of defendants-appellants raised for the first time on appeal that the plaintiffs' motion papers were insufficient merely because there was no affidavit of merit *by a party* misconstrues the requirement that a reasoned exploration of the merits be undertaken. Such exploration only mandates that a "movant include, as part of his papers on the amendment motion, affidavits which unequivocally make out a prima facie basis for the claim or other matter now sought to be added" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, CPLR 3025, Book 7B, C3025:11). Plaintiffs have sufficiently made such demonstration.* Accord-

---

* Defendants-appellants in their brief assert that all prior complaints requested relief from defendant Edward Lagin only. At the time this action was originally

ingly, the order of the Supreme Court, Bronx County, entered December 13, 1976, which granted plaintiffs' motion for leave to serve an amended complaint, should be affirmed, with costs and disbursements.

started, there were 13 named defendants. It appears that only three of these defendants (the current appellants) were actually involved in the demand for relief and that these three were the only ones served and who interposed a notice of appearance and demanded a copy of the complaint. The first amended complaint dropped all the parties defendant except defendant Edward Lagin. Inadvertently, the names of defendants AVI and Glascor Corporation were dropped. Defendants were aware of the inadvertence since the amended answer was submitted on behalf of all three remaining defendants. ·