■ MARY DI CARLO, as Administratrix of the Estate of BIAGGIO DI CARLO, Deceased, et al., Respondents, v FORD MOTOR COMPANY, Appellant. (And a Third-Party Action.)—In an action to recover damages for wrongful death, defendant appeals from so much of an order of the Supreme Court, Nassau County, dated February 16, 1978, as granted the branch of plaintiffs' motion which sought leave to serve an amended complaint adding causes of action for breach of warranty and nuisance. Order modified, on the law, by adding to the end of the fourth decretal paragraph thereof the following: "except that the third cause of action, sounding in nuisance, is stricken." As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to plaintiffs. Special Term properly granted plaintiffs' motion to amend the complaint. The original complaint alleged that defendant, Ford Motor Company, negligently manufactured a tractor which tipped over and crushed the decedent. The amended complaint added a cause of action sounding in breach of warranty based on the same occurrence. Both complaints charged, inter alia, that the tractor was "improperly balanced", thereby apprising Ford of the factual basis of the lawsuit. Therefore, the later addition of the breach of warranty theory based on defective wheel design, in that the front wheels of the tractor were closer together than the back wheels "causing same to act like a three cornered balanced vehicle",

did not allege any new facts which might prejudice Ford. Full litigation of this controversy requires application of the rule that leave to amend must be freely given where no prejudice will occur (see *Rife v Union Coll.,* 30 AD2d 504). The third cause of action in the amended complaint, sounding in nuisance, must be stricken (see *East Asiatic Co. v Corash,* 34 AD2d 432). A products liability action, where the harm is restricted to the user of the product and results from its allegedly negligent manufacture, does not give rise to a nuisance cause of action *(Blessington v McCrory Stores Corp.,* 198 Misc 291, affd 279 App Div 806, affd 305 NY 140; Prosser, Torts [4th ed], §§ 87, 88). Martuscello, J. P., Latham, Damiani and Titone, JJ., concur.