■ CENTRAL TRUST COMPANY, Respondent, v UNITED STATES OF AMERICA et al., Defendants, and TAGGIN WAGON PARK, INC., et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, entered March 2, 1977 in Tompkins County, which denied a motion by the defendants to set aside a partial deficiency judgment. Defendant Taggin Wagon Park, Inc., gave to the Central Trust Company, for valuable consideration, notes secured by a mortgage on real property. As security for subsequent notes, the defendant gave to the bank a security interest in fixtures and personal property which, by subsequent written agreement, specifically included, *inter alia,* a number of mobile homes. Upon default, a foreclosure action was commenced. In the complaint, the plaintiff requested that the moneys due on the mortgage note be satisfied by the sale of defendant's mortgaged real property. In regard to moneys due on the other notes, the plaintiff requested that the sum be satisfied by the sale of the defendant's equipment, fixtures, personal property and mobile homes. Thereafter, plaintiff amended its original complaint by adding Robert W. Relyea and Anne E. Relyea, the sole owners of Taggin Wagon Park, Inc., as parties-defendants. Defendant Taggin

Wagon Park, Inc., waived notice of the application for leave to file and serve a supplemental summons and complaint and consented to the amendment of the original complaint after which an appropriate order was entered. Defendants Relyea were served with the supplemental summons and amended complaint. No answer was ever submitted on behalf of either defendant Taggin Wagon Park, Inc., or defendants Relyea. Notice was subsequently given by the plaintiff of an application to Special Term for an order amending the amended complaint and for default judgment on said amended complaint. By the proposed amended complaint the plaintiff sought to have the mortgaged property and the mobile homes sold as a unit, with the proceeds of said sale to be applied to the moneys due on the mortgage note. The moving papers in support of the request to amend the complaint stated that the mobile homes were mounted on cinder block foundations on separate lots of the mortgaged real property and that the value of the property would be greatly diminished if the homes were to be removed and sold separately. On the return date counsel for the defendants Taggin Wagon Park, Inc., and Relyea appeared in court and requested that his appearance be noted on the record, but made no objection to the sale of the mobile homes in satisfaction of the mortgage debt in the manner provided. Special Term granted the relief sought by the plaintiff. Several weeks later the defendants notified the referee in the mortgage foreclosure action of their objection to the sale of the mobile homes as part of the mortgaged real estate, but no further action was taken with respect to the matter and the sale was held in accordance with the directions of the court. The plaintiff purchased the real property, the mobile homes and the equipment, fixtures and personal property and thereafter secured a partial deficiency judgment against the defendants. Defendants thereupon moved to vacate the partial deficiency judgment, contending they would have answered the second amended complaint and would have disputed the inclusion of the mobile homes in the sale of the real property had they been served with the second amended complaint. Special Term denied the application and this appeal ensued. On this appeal the defendants contend that amended pleadings must be served upon one's adversary in order to provide the latter with an opportunity to exercise the right to respond (3 Weinstein-Korn-Miller, NY Civ Prac, pars 3025.32, 3025.33). Not having been served with such amended complaint, defendants aver that the court lacked jurisdiction to render a partial deficiency judgment (CPLR 5015, subd [a]; *Antalek v Elliott,* 26 AD2d 716). Defendants, however, were given notice of the plaintiff's intention to amend its complaint. The notice and supporting papers explicitly stated the nature of the desired amendment and the reasons therefor. On the return day, although their attorney was present in the courtroom and noted his appearance, he made no objection and filed no papers in opposition to the proposed amendment. Defendants had full knowledge of all the facts and declined an opportunity to oppose the petition. They cannot now claim to have been prejudiced *(Rife v Union Coll.,* 30 AD2d 504). Defendants were neither surprised nor prejudiced by the plaintiff's method of application for amendment, nor did they object thereto or oppose the motion. Upon the granting of the application the defendants did not request an extension of time within which to file an answer. Under such circumstances, defendants are not entitled to the relief sought. Order affirmed, without costs. Mahoney, P. J., Greenblott, Larkin, Mikoll and Herlihy, JJ., concur.