■ HARRY M. BRONSON, Appellant, v POTSDAM URBAN RENEWAL AGENCY, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered September 17, 1979 in St. Lawrence County, which granted defendant's motion to amend the answer. This case arose from defendant's acquisition of real property owned by plaintiff and alleged promises made by defendant to renovate a building in which plaintiff relocated his plumbing and heating business. The action was commenced in

June, 1976, and issue was joined on July 30, 1976. In the month of June, 1977, the then counsel for defendant was appointed to the Court of Claims and the present counsel was retained. On January 3, 1979, plaintiff filed a note of issue. At that time, depositions of the parties had not been completed. At the May Term of the court, the depositions had not been fully completed and the case was marked for the September Term. The depositions were completed in the month of August, 1979, and on August 30, 1979, defendant moved to amend its answer to add the following affirmative defense. "1. The plaintiff released the aforesaid claims sought herein by due release executed in June 1973 and received a consideration set forth in said release and accordingly earlier claims are not sustainable as a matter of law. 2. The agreements alleged by the plaintiff are barred by the statute of frauds. 3. The actions of the F.B.I. and the employees of the defendant as alleged at Paragraph 30 of the complaint are not legally binding on the defendant." After oral argument, the motion was immediately granted by Special Term. Plaintiff contends that the granting of the motion on the eve of trial is inherently prejudicial and may be permitted only on a showing of special and extraordinary circumstances. Although plaintiff asserts this motion was granted on the eve of trial, the record discloses that the case was on the Trial Calendar to be called in September, 1979, at the opening of the Trial Term. It is also questionable that either party would have been ready for trial at the opening of the Trial Term, since the deposition which had been completed in August had not yet been transcribed. CPLR 3025 (subd [b]) provides: "A party may amend his pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including the granting of costs and continuances." "Leave to amend pleadings 'shall be freely given' absent prejudice or surprise resulting directly from the delay." *(Fahey v County of Ontario,* 44 NY2d 934, 935; see, also, *Sindle v New York City Tr. Auth.,* 33 NY2d 293, 296-297.) When the opposing party cannot claim prejudice or surprise, it would be an abuse of discretion as a matter of law to deny a motion to amend a pleading *(Murray v City of New York,* 43 NY2d 400). Here a copy of the release had been provided to plaintiff in August, 1978, shortly after its discovery, and plaintiff had been examined concerning its execution in the examination before trial which was completed in August, 1979. Plaintiff was also aware that the alleged promises to renovate were not in writing. Plaintiff, having full knowledge of the release and of the facts concerning the making of the alleged promises, cannot successfully claim prejudice *(Rife v Union Coll.,* 30 AD2d 504). Insofar as plaintiff contends that he has not examined the former employees of defendant, who have personal knowledge of the facts, defendant asserts that they are known and are willing to submit to examination. Order affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Casey and Herlihy, JJ., concur.