■ DEBORAH POWELL, as Parent and Natural Guardian of DAWN POWELL, an Infant, Respondent-Appellant, v WILLIAM MULCAHY, Doing Business as MORRISVILLE DRY CLEANERS AND SHIRT LAUNDRY, Appellant-Respondent. — Order unanimously modified, and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: Special Term properly granted plaintiff leave to increase the *ad damnum* clause in her complaint (see *Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18; *Kenford Co. v County of Erie,* 93 AD2d 998; *Stornelli v Aakron Rule Corp.,* 89 AD2d 1060). The court erred in refusing to allow the plaintiff to amend her verified bill of particulars to allege additional negligence as set forth in article 25-B of the General Business Law (see *Miller v Albany Med. Center Hosp.,* 95 AD2d 977; *Bronson v Potsdam Urban Renewal Agency,* 74 AD2d 967; *Rife v Union Coll.,* 30 AD2d 504). Leave to amend should be freely given in the absence of surprise or prejudice (CPLR 3025, subd [b]; *Fahey v County of Ontario,* 44 NY2d 934). (Appeals from order of Supreme Court, Onondaga County, Inglehart, J. — *ad damnum* clause.) Present — Hancock, Jr., J. P., Doerr, Green, O'Donnell and Moule, JJ.

■ FRANK DI PROSA, Appellant-Respondent, v POST CORPORATION et al., Respondents-Appellants. — Judgment unanimously affirmed, without costs, and motion to amend record to include cross appeal granted. Memorandum: We affirm the order setting aside the verdict on the second cause of action for reasons stated at Trial Term. With respect to the first cause of action pertaining to the claim for severance pay, defendants have failed to preserve for appellate review the issue of lack of consideration for the promise to pay. The sole factual issue submitted to the jury in the court's charge and in the special questions was whether defendants made an outright promise to pay plaintiff's salary for 26 weeks or whether they said that the payments would stop if plaintiff got another job within that period. There was no exception to the charge, and the record shows that defendants made no objection during the trial or on the posttrial motions to the legal theory on which the case was submitted. (Appeals from judgment of Supreme Court, Monroe County, Smith, J. — employment contract.) Present — Hancock, Jr., J. P., Doerr, Green, O'Donnell and Moule, JJ.