■ In the Matter of MICHAEL J. CARLY, Petitioner, v EDWARD J. GREENFIELD, Respondent.—Petition, pursuant to CPLR article 78, for a judgment in the nature of mandamus directing an immediate trial for the determination of damages, after a finding of liability, is denied, and the cross motion to dismiss the petition is granted, without costs or disbursements. There were some 43 negligence actions for wrongful death, personal injury and property damage arising out of a gas explosion in lower Manhattan at the end of 1970. There are some 50 plaintiffs who, represented by various attorneys, jointly tried only the issue of liability in the Supreme Court, New York County. The first trial on the issue of liability resulted in a verdict for the plaintiffs. A joint appeal was taken by the City of New York and Consolidated Edison. This court in *Gannon Personnel Agency v City of New York* (55 AD2d 548) reversed and remanded for a new trial and apportionment of damages. Thereafter, plaintiffs moved to resettle, and the motion was granted (57 AD2d 538). A second liability trial commenced in November, 1977 *(sub nom. Whitman v Consolidated Edison,* Supreme Ct, New York County, Index No. 2695/75), and resulted in a verdict for the plaintiffs in December, which found the defendants jointly and severally liable and

apportioned the liability amongst them. It appears that the City of New York and Consolidated Edison will have the major liability.* After the liability verdict, there were a series of conferences with the Justice who presided at the trial, exploring the damages issues and settlement possibilities, with no final conclusion. Thereafter, the Judge who presided at the second liability trial denied a motion by the City of New York to set aside the verdict in a comprehensive opinion (see *Gannon Personnel Agency v City of New York,* NYLJ, Sept. 28, 1979, p 7, col 1), in which he analyzed the history of the litigation and the problems involved. The matter is now on the calendar for trial on the issue of damages, with the Justice scheduling a further conference with respect to the settlement possibilities. The petitioner, one of the plaintiffs in the action, seeks an order compelling an immediate trial for the determination of damages. Under the circumstances, despite the lapse of time, it would be improvident at the present time for mandamus to issue. Concur—Murphy, P. J., Kupferman, Birns, Fein and Ross, JJ.

---

* Although the city and Consolidated Edison were each apportioned 4% of the liability, one of the defendants, China Dynasty Restaurant, is judgment proof, and the remaining two defendants, the plumbers, have limited liability coverage. Thus, "despite apportionment inter se, that of the potential damages which can run into many millions of dollars, the apportionment fixed by the jury, if it stands, will really result in the city and Consolidated Edison, as joint tort-feasors, paying virtually 50 percent each of the final judgments." (See *Gannon Personnel Agency v City of New York,* NYLJ, Sept. 28, 1979, p 7, col 1.)