■ GANNON PERSONNEL AGENCY, INC. v CITY OF NEW YORK et al. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. v PARK ROW CAFE, INC., Doing Business as RYAN'S BAR. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. v 25 ASSOCIATES, INC., et al. (And 41 Other Actions.)—The various motions for resettlement to affirm the finding of liability as to defendants-appellants other than the City of New York are granted to the extent indicated in the following memorandum decision, substituted for that of November 29, 1976, hereby recalled. Judgment, Supreme Court, New York County, dated January 31, 1975, which granted all the plaintiffs judgment on the issue of liability against the City of New York, Consolidated Edison Company of New York, Inc., Schlink Plumbing & Heating Company, Inc., Schlink Heating Corp., and Albert Bold, apportioned the damages among these defendants, dismissed all complaints against Park Row Cafe, Inc., George Feldman, 25 Associates, Inc., Urban Management, Inc., Van Summers and Wiegold Planning Associates, Inc., and Clarence E. Weigold, Jr., and remanded the matter for trial on the issue of damages, at which time the question of contributory negligence would be determined, modified, on the law, the facts, and in the exercise of discretion, to the extent of striking the finding of liability against, and the apportionment of damages to, the City of New York, and a new trial ordered to consider first the issue of liability as against the City of New York, and, after a verdict therein, to apportion the damages among all the defendants held liable, including the severed defaulting defendant, China Dynasty Enterprises, Inc., and, as so modified, affirmed, without costs and without disbursements to any party. Appeal from the order, Supreme Court, New York County, entered February 4, 1975, which, *inter alia,* ordered the actions set down for an assessment of damages, unanimously dismissed, as moot, without costs and without disbursements. In these 43 negligence actions for wrongful death, personal injury, and property damage, arising out of a gas explosion which occurred at 7-11 Ann Street, New York County, on December 11, 1970, defendants-appellants, the City of New York (City), Consolidated Edison Company of New York, Inc. (Con Ed), Schlink Plumbing & Heating

Company, Inc. (Schlink), and Albert Bold (Bold) appeal from an interlocutory judgment of the Supreme Court, New York County. The action was dismissed by the court against all other defendants, except China Dynasty Enterprises, Inc. (Dynasty), which defaulted. A severance and inquest was ordered as to Dynasty. Dynasty was engaged in constructing a restaurant and had hired Schlink and Bold (collectively hereinafter called the "plumbers") to do the plumbing, which included installation of gas pipelines. Schlink, an unlicensed plumber, performed the work and signed the name of the licensed plumber, Bold, to the application filed with the City. The Administrative Code requires the City inspector to inspect all service piping to make certain it complies with code requirements. Upon a finding of compliance by the City inspector, the City issued to Con Ed a "blue card" allowing Con Ed to supply gas through the new piping. Thereafter, two unknown individuals criminally opened a curb valve box located in front of 7-11 Ann Street. Gas flowed through an uncapped two-inch header pipe into piping in the basement of the building. The piping was not equipped with a safety valve (cut-off valve) after entering the building. The explosion followed. Testimony was adduced at trial that failure to cap the header and failure to install the cut-off valve were improper plumbing. Furthermore, the safety valve is said to be required by the Administrative Code of the City of New York. At trial there was testimony that the pipe was left uncapped for nine days; that the plumbers installed the pipe contrary to law; and that both Con Ed and the City could be found to have been negligent in allowing the situation to remain and in failing to require the cut-off valve and the capping of the header. The City's contention that it is immune from liability because it merely failed to perform a statutory governmental function is not supported by the record. (See *Smullen v City of New York,* 28 NY2d 66), which held the City liable because of its knowledge of a dangerous condition created during construction of a sewer and the City's failure to act even though an inspector was at the site. (See, also, *Runkel v City of New York,* 282 App Div 173; and *Runkel v Homelsky,* 286 App Div 1101, affd 3 NY2d 857.) In the case at bar, the record can support a finding that the City had actual knowledge of the potential danger created by improper gas piping and failed to take proper protective action even though its inspector was at the site and issued the blue card allowing the gas to be turned on. Con Ed's liability rests upon its responsibility for the piping under Public Service Commission regulations. Further, Con Ed planned the piping, gave the plumbers its plans, and supervised the installation of the piping. The plumbers' liability rests upon their own acts. Evidence of liability against all the defendants-appellants is presented. However, the charge to the jury as to the City's liability was tantamount to a direction of a verdict against the City and, as to that portion of the judgment, a reversal is required. The court instructed that the City: "should have known of the new installation, or should have observed the new installation, and should have seen, or saw a clear violation of the Administrative Code and of safety practices. It would be negligence on their part to disregard the danger from omission of a shut off or safety valve and an uncapped header, and then perform an affirmative act in approving such an unsafe condition by sending a blue card or gas card to Con Edison, authorizing them to turn on the gas at such an installation." While the court instructed in the next paragraph that if the jury found that the City carried out its burden pursuant to the Administrative Code and acted in a reasonable and prudent manner in light of all the circumstances known, or which should have been known to it, they must find the City free of negligence,

this latter instruction did not cure the error of the preceding instruction. It is hornbook law that: "If the charge is ambiguous, inconsistent, erroneous, confusing, one-sided, incomplete or overly technical a new trial will be ordered if prejudice has resulted to any party." (4 Weinstein-Korn Miller, NY Civ Prac, par 4404.17 [footnotes omitted].) Additionally, the verdict apportioning the City's fault at 65% is against the weight of the evidence. The City's liability is predicated essentially upon its failure to inspect properly the new piping and the improper issuance of the blue card. In comparison, the plumbers failed to install the cut-off valve and left the header uncapped, while Con Ed was responsible for the supervision of the plumbing work and had an affirmative duty imposed by law to see that the plumbing was properly installed. Thus, the City's liability is for failing to find and correct a dangerous condition created by others. The apportionment to the City of 65% of the loss is contrary to the weight of the evidence on this record. While the improper charge and the unsupportable apportionment of 65% liability to New York City require a new trial of the issue of New York City's liability, such errors do not affect the findings of liability against the other defendants-appellants and such determination need not be disturbed (Lisio v Ranchos Realty of Corona Corp., 36 NY2d 739). Compare Cimino v City of New York (54 AD2d 843), where the finding of liability against the City of New York was essential to the over-all verdict of liability. The apportionment of liability as against defendants-appellants other than New York City can be determined without requiring plaintiff again to put in issue the question of their liability. Further, the charge to the jury that it must apportion fault among the defendants and that the percentage must total 100% was improper in that the court specifically excluded China Dynasty from the term "defendants". An exception was taken. Kelley v Long Is. Light. Co. (31 NY2d 25, 29) provides for a distribution of the loss in proportion to the allocable concurrent fault, thus requiring the attribution to Dynasty of its contribution to the loss. That Dynasty may be judgment proof does not remove the necessity for allocation. The share of the liability of defendants other than Dynasty may well be altered by a failure to assess Dynasty's share of responsibility and thereafter dividing that share among the other defendants in relation to their proportionate shares of the remaining liability. A modification of the judgment is required and a new trial directed in accordance with this memorandum. Concur—Markewich, J. P., Lupiano and Lane, JJ.; Silverman, J., dissents in part in the following memorandum: I would deny that portion of the motion which seeks to affirm the determination of Consolidated Edison's liability on the ground that neither negligence nor proximate cause has been established as to that defendant, and I would reverse as to Consolidated Edison. In my view neither negligence nor proximate cause has been established as to that defendant.