ROBERT ROACH et al., Appellants-Respondents, v McGUIRE & BENNETT, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. McGREGOR ARCHITECTURAL IRON COMPANY, Third-Party Defendant-Respondent-Appellant.

Third Department, March 23, 1989

## APPEARANCES OF COUNSEL

*John W. Young* for appellants-respondents.

*Levene, Gouldin & Thompson (John Pollock* and *Paul B.*

*Price* of counsel), for defendant and third-party plaintiff-respondent-appellant.

*Kramer, Wales & Wright (Philip J. Kramer* and *Roger N. Lavinsky* of counsel), for third-party defendant-respondent-appellant.

### OPINION OF THE COURT

CASEY, J.

At issue on this appeal is whether New York law or Pennsylvania law applies in this action arising out of a work-related injury to plaintiff at a Pennsylvania construction site. Defendant, a New York corporation, was the general contractor at the construction site. Plaintiff, a New York resident, was employed at the site by third-party defendant (hereinafter the subcontractor), a Pennsylvania corporation which had contracted with defendant to perform certain metal fabrication work at the site.

The conflict of laws issue has two aspects: first, which State's workers' compensation exclusivity provision is applicable and, second, which State's law on the substantive issue of the duty of care is applicable? Turning first to the workers' compensation issue, both New York and Pennsylvania have statutes which provide that workers' compensation shall be the exclusive remedy for an injured employee vis-à-vis his employer *(see,* Workers' Compensation Law § 11; Pa Stat Annot, tit 77, § 481 [a]), but Pennsylvania's workers' compensation statute has a broader definition of employer, one that would include defendant, the general contractor herein (Pa Stat Annot, tit 77, § 52; *see, Bartley v Concrete Masonry Corp.,* 322 Pa Super 207, 469 A2d 256). New York law, on the other hand, would clearly permit plaintiff's action against defendant *(e.g., Sarnoff v Charles Schad, Inc.,* 22 NY2d 180).

In *Babcock v Jackson* (12 NY2d 473), the Court of Appeals departed from the traditional rule, which resolved choice-of-law conflicts in tort actions by applying the law of the place where the tort occurred, and applied New York law to an action between New York residents arising out of an automobile accident in Ontario, Canada, where the action would have been barred by a guest statute. The court explained in *Neumeier v Kuehner* (31 NY2d 121, 127): "When, in *Babcock* v. *Jackson* (12 N Y 2d 473, *supra),* we rejected the mechanical place of injury rule in personal injury cases because it failed

to take account of underlying policy considerations, we were willing to sacrifice the certainty provided by the old rule for the more just, fair and practical result that may best be achieved by giving controlling effect to the law of the jurisdiction which has the greatest concern with, or interest in, the specific issue raised in the litigation." Recognizing that this flexible rule was difficult to apply and had resulted in inconsistent decisions, the court in *Neumeier* sought to develop narrower choice-of-law rules "in order to assure a greater degree of predictability and uniformity" *(supra,* at 127). Thus, the court proposed three principles "as sound for situations involving guest statutes in conflicts settings" *(supra,* at 128) and, in *Schultz v Boy Scouts* (65 NY2d 189, 200-201), the court indicated that application of these principles was not limited to guest statute cases.

The *Schultz* case *(supra)* represents the Court of Appeals most recent attempt to refine the flexible, interest-based choice-of-law rule adopted in *Babcock (supra)*. In so doing, the court explained: "[T]he relative interests of the domicile and locus jurisdictions in having their laws apply will depend on the particular tort issue in conflict in the case. Thus, when the conflicting rules involve the appropriate standards of conduct * * * the law of the place of the tort 'will usually have a predominant, if not exclusive, concern' * * * because the locus jurisdiction's interests in protecting the reasonable expectations of the parties who relied on it to govern their primary conduct and in the admonitory effect that applying its law will have on similar conduct in the future assume critical importance and outweigh any interests of the common-domicile jurisdiction * * *. Conversely, when the jurisdictions' conflicting rules relate to allocating losses that result from admittedly tortious conduct * * * [a]nalysis then favors the jurisdiction of common domicile because of its interest in enforcing the decisions of both parties to accept both the benefits and the burdens of identifying with that jurisdiction and to submit themselves to its authority" *(supra,* 65 NY2d, at 198). The tort issue in conflict in *Schultz* involved charitable immunity, which the court classified as a loss-allocating rule akin to a guest statute *(supra,* at 198, n 2). As to the defendant whose domicile was the same as that of the plaintiff, New Jersey, the court adhered to the first of the *Neumeier* principles, and held that New Jersey's charitable immunity rule was applicable to an action which involved tortious conduct in New York, explaining that "there are persuasive reasons for consistently

applying the law of the parties' common domicile" *(supra,* at 201).

In the case at bar, Supreme Court concluded that the workers' compensation issue in conflict herein was a loss-allocating rule and, based upon the rationale of *Schultz (supra),* held that since plaintiff and defendant are domiciled in New York, New York law applies. While Supreme Court's reliance on *Schultz* is understandable, we are of the view that this case is distinguishable from *Schultz* and reflects the difficulty, if not the impossibility, in fashioning a workable rule that can guarantee a satisfactory result in every case *(see, Neumeier v Kuehner,* 31 NY2d 121, 128, *supra).*

We note that in contrast to the case at bar, the tortious conduct in *Schultz (supra)* and the injuries flowing therefrom occurred over a period of time in both New York and New Jersey *(Schultz v Boy Scouts, supra,* at 195, 196). While this factor did not expressly play a direct role in the outcome, there can be little doubt that it undermined the significance of New York's interest in the case. But the major distinguishing feature of this case is the presence of a third party,* whose relationship with both plaintiff and defendant is the cause of the choice-of-law issue. Without the intervening presence of the subcontractor, plaintiff would have been a direct employee of defendant or there would have been no relationship other than that of tort-feasor and victim; in either case there would be no conflicting workers' compensation choice-of-law issue. Accordingly, we conclude that, although the choice-of-law issue herein involves a loss-allocating rule *(see, supra,* at 199), it should not be resolved solely on the basis of plaintiff's and defendant's common domicile. Rather, consideration must be given to the role played by the subcontractor in the parties' relationship in order to evaluate the relative interests of the domicile and locus jurisdictions in having their laws apply.

The subcontractor is a Pennsylvania corporation. It contracted with defendant to perform certain work at a Pennsylvania construction site. It hired plaintiff out of a Pennsylvania local union hall. The relevant collective bargaining agreement between plaintiff's union and the subcontractor's bargaining representative provided that the employer was to provide workers' compensation insurance in the State where the work

---

* The phrase "third party" does not refer to the subcontractor's status as a party to this lawsuit. Our analysis would be the same even if defendant had not impleaded the subcontractor.

is performed, and the terms of this agreement were incorporated into the agreement between defendant and the subcontractor. The subcontractor did in fact obtain workers' compensation insurance in Pennsylvania, and following the accident plaintiff applied for and received benefits under Pennsylvania's workers' compensation law.

Pennsylvania's Legislature has clearly and unequivocally expressed that State's interest in having its workers' compensation law apply to all industrial accidents that occur within its borders (see, Pa Stat Annot, tit 77, § 1). The factors referred to in the paragraph above strengthen this interest, for they reveal the depth of the parties' involvement in Pennsylvania, where all of the parties' obligations to each other were to be fulfilled. In short, Pennsylvania was not merely the place where the accident fortuitously occurred. In contrast, New York's interest in this case is minimal. Since plaintiff was covered by workers' compensation insurance in Pennsylvania and since he received benefits under Pennsylvania's workers' compensation law, any interest New York might have in seeing that its residents who are injured in industrial accidents receive benefits has been satisfied. Nor is this a case where a New York resident is being denied a recovery because of an anachronistic or unfair Pennsylvania statute similar to the guest statute at issue in *Babcock v Jackson* (12 NY2d 473, *supra*). Since New York has a workers' compensation exclusivity statute similar to Pennsylvania's statute, the latter statute can hardly be characterized as anachronistic. Nor is there anything unfair about Pennsylvania's statute which expands the definition of employer to include a general contractor; the general contractor stands as an additional source of compensation coverage in return for the benefit of the exclusivity clause. In the facts and circumstances of this case, we conclude that Pennsylvania's interest in having its workers' compensation law apply to an industrial accident occurring within Pennsylvania outweighs New York's interest in having its workers' compensation statute apply to an action involving New York domiciliaries.

We note that prior New York case law has held that the rights of the parties are governed by the law under which workers' compensation benefits are accepted (see, *Matter of O'Connor,* 21 AD2d 333, 335), but such an approach ignores the interest analysis required by *Babcock (supra)* and its progeny. Acceptance of benefits is a factor to be considered in weighing the States' interests, but it is not the determinative

factor *(cf., Schultz v Boy Scouts,* 65 NY2d 189, *supra).* We also note that in *O'Connor v Lee-Hy Paving Corp.* (579 F2d 194, *cert denied* 439 US 1034), the United States Court of Appeals for the Second Circuit concluded in a case similar to the one at bar that New York courts would resolve the choice-of-law conflict solely on the basis of the plaintiff's New York domicile. While we disagree with this conclusion, we agree with the court's application of New York law in that case since the decedent's immediate employer was domiciled in New York, decedent was hired in New York and the plaintiff received workers' compensation benefits under New York law.

Having determined that Pennsylvania's workers' compensation law is applicable, we conclude that plaintiff's action is barred by the exclusivity provision in Pennsylvania's law. Plaintiff contends that defendant waived the benefit of this provision, but we find no merit in this claim. Under Pennsylvania law it appears that an employer can waive the benefit of the exclusivity provision, but that waiver must be express *(see, Lackie v Niagara Mach. & Tool Works,* 559 F Supp 377; *Gerard v Penn Val. Constructors,* 343 Pa Super 425, 495 A2d 210). The indemnity provision contained in defendant's agreement with the subcontractor is not such an express waiver. Consequently, Supreme Court's order should be modified and the motions by defendant and third-party defendant for summary judgment should be granted.

KANE, J. P., LEVINE, MERCURE and HARVEY, JJ., concur.

Order modified, on the law, with one bill of costs to defendant and third-party defendant, by reversing so much thereof as denied the motions of defendant and third-party defendant for summary judgment; motions granted, and complaint and third-party complaint dismissed; and, as so modified, affirmed.