Scott L. Salsman, Respondent, v Barden & Robeson Corporation, Defendant and Third-Party Plaintiff-Appellant. Richard L. Lewis Construction Company, Inc., Third-Party Defendant-Appellant.

Third Department, December 27, 1990

*Levene, Gouldin & Thompson (Robert H. Reeder* of counsel), for defendant and third-party plaintiff-appellant.

*O'Connor, Gacioch & Pope (Hugh B. Leonard* of counsel), for third-party defendant-appellant.

*Smyk, Smyk & Fahrenz (Theodore J. Mlynarski, Jr.,* of counsel), for respondent.

**OPINION OF THE COURT**

CASEY, J.

This appeal raises choice-of-law issues in an action by a Pennsylvania resident arising out of an accident at a construction site in Massachusetts. Defendant, the general contractor at the construction site, is a New York corporation, as is third-party defendant, plaintiff's employer. The owner of the construction site, a Massachusetts corporation, is not a party. Plaintiff was hired in New York and received benefits pursuant to the New York Workers' Compensation Law.

Plaintiff's complaint alleges two causes of action. The first is based on negligence and the second is based upon statutory violations. The bill of particulars specified Labor Law §§ 200, 240 (1) and § 241 (6) as the statutes violated by defendant. Although the bill of particulars attempts to avoid limiting the statutory violations to the specified Labor Law provisions, the record contains no reference to any other statutes and, therefore, we view the second cause of action as founded exclusively on Labor Law §§ 200, 240 (1) and § 241 (6).

Plaintiff contends that since Labor Law §§ 240 and 241 impose absolute liability upon owners and general contractors

*(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 522), liability which is not predicated on fault *(see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172, 179), the statutes should be viewed as loss allocating rules not subject to the rule of *lex loci delicti* (the law of the place of the wrong), but subject to the more flexible approach refined by the Court of Appeals in *Schultz v Boy Scouts* (65 NY2d 189). Plaintiff's argument is flawed in several respects, the most serious of which is that the principles articulated in the *Schultz* case are premised on the parties' common domicile. Where, as here, plaintiff and defendant are not commonly domiciled, the law of the situs of the injury will be applied *(see, Viera v Uniroyal, Inc.,* 142 Misc 2d 1099, 1103, *affd* 148 AD2d 349; *see also, Calla v Shulsky,* 148 AD2d 60, 67). Plaintiff contends that the lack of common domicile should be ignored since plaintiff's employer is a New York corporation, the employment relationship arose in New York and plaintiff received benefits under the New York Workers' Compensation Law. The Court of Appeals, however, has apparently swept away as insignificant virtually every contact except the parties' domiciles and the locus of the tort *(Schultz v Boy Scouts, supra,* at 197).

Assuming that the choice-of-law rules which look to the particular tort issue in conflict are applicable despite the absence of a common domicile, we reject plaintiff's claim that Labor Law §§ 240 and 241 are applicable to a Massachusetts construction site. The Legislature has specified that Labor Law §§ 240 and 241 shall be applicable to construction sites throughout the State (Labor Law § 242), and we see no basis for extending the application of those statutes beyond New York's borders. In *Schultz v Boy Scouts (supra,* at 198), the court articulated a principle which recognizes that the locus jurisdiction has a predominant, if not exclusive, concern in applying its rules involving standards of conduct, such as rules of the road, but the locus jurisdiction has a minimal interest when the rules relate to allocating losses, such as vicarious liability rules.

Although it has been said that Labor Law §§ 240 and 241 impose vicarious liability on owners and general contractors *(see, Kelly v Diesel Constr. Div.,* 35 NY2d 1, 5-7; *Conway v New York State Teachers' Retirement Sys.,* 141 AD2d 957, 959-960), this characterization was made in the context of a general contractor's right to implied indemnification from the subcontractor, not in determining whether the statutes involved standards of conduct or loss allocating rules. For choice-of-law

purposes, we conclude that Labor Law §§ 240 and 241 must be treated as rules related to the appropriate standard of conduct and not as loss allocating rules. As the court emphasized in *Long v Forest-Fehlhaber* (55 NY2d 154, 160), Labor Law § 240 and the first five subdivisions of Labor Law § 241 contain specific safeguards or safety measures spelled out by the Legislature, while Labor Law § 241 (6) is but a reiteration of common-law standards. Absolute liability is imposed on an owner or general contractor when there has been a violation of Labor Law § 240 or the first five subdivisions of Labor Law § 241 *(Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 522, *supra),* as in the case of a failure to provide any of the safety devices specified by the Legislature *(supra)* or when the safety device fails to provide the proper protection mandated by the Legislature *(see, Alston v Golub Corp.,* 129 AD2d 916).

We are of the view that Labor Law §§ 240 and 241 are first and foremost conduct regulating rules. There can be no liability under those statutes unless and until there has been a failure to comply with the safety measures specified by the Legislature. Thus, even though the statutes have been construed as having a loss allocating aspect in that they impose absolute liability, that aspect does not come into play until it has first been determined that the statutes' conduct regulating rules have been violated. We reject plaintiff's contention that the loss allocating aspect of the statutes should be accorded separate and distinct choice-of-law treatment. The legislative purpose of Labor Law §§ 240 and 241, to place " 'ultimate responsibility for safety practices at building construction jobs * * * on the owner and general contractor' " *(Zimmer v Chemung County Performing Arts, supra,* at 520, quoting sponsors' mem, 1969 NY Legis Ann, at 407), clearly evinces an intent to regulate conduct at construction sites, not an intent to regulate the right of recovery or extent of the remedy of workers injured at construction sites. Although the statutes have been construed to include an impact on the injured workers' right of recovery by extending liability to owners and general contractors without regard to fault *(see, Brown v Two Exch. Plaza Partners,* 76 NY2d 172, 179, *supra),* that impact furthers the statutes' conduct regulating goal *(see, Bland v Manocherian,* 66 NY2d 452, 459). The interests of the State where the construction site is located in having its safety standards complied with far outweigh the interests of the State where the employer-employee relationship arose and,

therefore, Labor Law §§ 240 and 241 are not applicable in an action arising out of an accident at a Massachusetts construction site. The main action is governed by Massachusetts substantive law and, therefore, the second cause of action in the complaint must be dismissed.

We are aware that in *Calla v Shulsky* (148 AD2d 60, *supra*), relied on by Supreme Court, the First Department held that Labor Law § 240 was applicable in an action where the principal parties were domiciled in New York and the injury occurred at a construction site in New Jersey. Our analysis would reach a contrary result; our disagreement with the First Department is founded at least in part on the fact that the *Calla* rationale calls into question the applicability of Labor Law §§ 240 and 241 to actions arising out of accidents at New York construction sites when the principal parties are commonly domiciled in another State.

■■ As to the first cause of action, we are of the view that defendant failed to carry its initial burden of establishing entitlement to summary judgment under Massachusetts substantive law. Turning to the third-party action, defendant asserts four causes of action against third-party defendant. The first cause of action in the third-party complaint is based upon an indemnity provision in the parties' contract. Third-party defendant contends that the provision is void because it violates General Obligations Law § 5-322.1, but we conclude that the issue is governed by Massachusetts law, not New York law. Although the parties' subcontract is silent as to which law shall apply, it does provide that the parties "shall be bound * * * by the terms of this Agreement and of the Contract Documents between the Owner and Contractor", and those contract documents provide that "[t]he Contract shall be governed by the law of the place where the Project is located". Since neither party has addressed the effect of the contractual provision under Massachusetts law, summary judgment is inappropriate.

■ The second cause of action in the third-party complaint alleges a breach of the contractual provision which required third-party defendant to maintain liability insurance naming defendant as an additional insured. Although third-party defendant did have liability insurance coverage, defendant was not named as an additional insured. We conclude that this cause of action is barred by the stay imposed pursuant to 11 USC § 362 in the bankruptcy proceeding involving third-party defendant. Although this stay was lifted by court order, the

stay was vacated only for the limited purpose of permitting the third-party action for contribution and/or indemnity to the extent of the insurance coverage provided to third-party defendant by certain insurance policies. We agree with third-party defendant that defendant's breach of contract cause of action is outside the scope of this limited lifting of the stay. To the extent that the promise to insure can be viewed as synonymous with the promise to indemnify *(see, Insurance Co. v Dayton Tool & Die Works,* 57 NY2d 489, 499), the second cause of action merely duplicates the first. Dismissal of this cause of action in its entirety is appropriate.

■ The third and fourth causes of action in the third-party complaint seek contribution and implied indemnification. Since contribution and implied indemnity are pure loss allocating rules *(see, Rosado v Proctor & Schwartz,* 66 NY2d 21, 23-24), these causes of action are governed by the law of New York, the common domicile of the parties to the third-party action *(see, Schultz v Boy Scouts,* 65 NY2d 189, 198, *supra).* There are factual issues precluding summary judgment on these causes of action, except insofar as the third cause of action seeks to impose liability for third-party defendant's violation of Labor Law §§ 200, 240 and 241. These provisions are inapplicable to this third-party action by the general contractor against a subcontractor *(see, Young v Casabonne Bros.,* 145 AD2d 244, 247).

Kane, J. P., Levine, Mercure and Harvey, JJ., concur.

Order modified, on the law, without costs, by deleting the two decretal paragraphs therein and substituting the following paragraphs:

"Ordered that third-party defendant's motion for summary judgment is granted to the extent that the second cause of action in the third-party complaint is dismissed and that portion of the third cause of action in the third-party complaint seeking to impose liability for third-party defendant's violation of Labor Law §§ 200, 240 and 241 is dismissed, and the motion is otherwise denied;

"Ordered that defendant's cross motion for summary judgment is granted to the extent that the second cause of action in plaintiff's complaint is dismissed insofar as it seeks to impose liability pursuant to Labor Law §§ 240 and 241, and said motion is otherwise denied;"

and, as so modified, affirmed.