RICHARD E. BREWSTER, Appellant, v BALTIMORE & OHIO RAILROAD Co. et al., Appellants-Respondents, and WITCO CHEMICAL CORPORATION, Respondent. BALTIMORE & OHIO RAILROAD Co., Third-Party Plaintiff-Appellant, v WINTERS RAILROAD SERVICE, INC., Third-Party Defendant-Respondent.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying plaintiff's motion to amend his complaint and bill of particulars. CPLR 3025 (b) provides that, "[a] party may amend his pleading * * * *at any time* by leave of court * * * *Leave shall be freely given*" (emphasis added). Although leave to amend was sought on the eve of trial, " '[w]here no prejudice is shown, the amendment may be allowed "during or even after trial" ' " *(Loomis v Civetta Corrino Constr. Corp.,* 54 NY2d 18, 23, *rearg denied* 55 NY2d 801, quoting *Murray v City of New York,* 43 NY2d 400, 405). When the proposed amendment does not set forth new facts, but merely adds an additional theory of recovery, leave should generally be granted *(see, Trusthouse Forte [Garden City] Mgt. v Garden City Hotel,* 106 AD2d 271, 272; *Rife v Union Coll.,* 30 AD2d 504, 505; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:8).

In the instant case plaintiff did not surprise defendants with any new facts requiring additional discovery, but merely proposed a further legal basis for recovery. The factual allegations supporting plaintiff's claims under the Pennsylvania Labor Law are the same as the factual allegations concerning defendants' alleged violations of New York Labor Law. Courts have permitted amendments to allege Labor Law violations on the eve of trial *(Rife v Union Coll.,* 30 AD2d 504, *supra)* or even during trial *(Miller v Perillo,* 71 AD2d 389, 390-391, *lv dismissed* 51 NY2d 767) where, as here, defendants had notice of the material factual elements of the plaintiffs' claims. Those decisions are consistent with the general principle that the party opposing the amendment must show actual prejudice. As the Court of Appeals observed in *Loomis,* "[p]rejudice * * * is not found in the mere exposure of the defendant to greater liability. Instead, there must be some indication that the defendant has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position" *(Loomis v Civetta Corrino Constr. Corp., supra,* at 23). Defendants have failed to show prejudice resulting from the amendment.

The court properly determined that Pennsylvania law applies to the third-party action and cross claim. Baltimore &

Ohio Railroad Co. is a Maryland domiciliary and J.H. Spaulding Company is a Delaware domiciliary. Both parties seek the benefits of New York's contribution and apportionment rules on the ground that the *other* parties to the action are New York domiciliaries. New York has no interest in applying its laws for the benefit of nonresidents and to the detriment of its residents *(see, Cameron v G & H Steel Serv.,* 494 F Supp 171 [ED NY]).

Here, New York's interest in seeing that its resident employee has been compensated for a work-related accident has been satisfied *(see, Roach v McGuire & Bennett,* 146 AD2d 89, 93). New York's interest in protecting its resident employer from a tort action, brought by an employee who accepted benefits under the New York Workers' Compensation Act, has also been satisfied *(see,* Workers' Compensation Law § 11). New York has no further interest in extending the benefits of its loss allocation rules to two nonresident corporations. Pennsylvania, however, has an interest in protecting its statutory scheme immunizing an employer from contribution claims *(see, Cooney v Osgood Mach.,* 179 AD2d 240; *see also, Roach v McGuire & Bennett, supra).*

The court did not abuse its discretion by allowing Winters to amend its answer to plead the defense of exclusivity of Pennsylvania Workers' Compensation Law *(see, Legere v Eastern Ambulance,* 175 AD2d 647). (Appeals from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Callahan, J. P., Boomer, Green, Fallon and Davis, JJ.