James GRAY, Plaintiff,

v.

CLEANING SYSTEMS AND SUPPLIERS, INC., Defendants,

Trans–Carrier Truck Lines and Georgia–Pacific Corporation, Third–Party Defendants.

No. 90 Civ. 0857 (VLB).

United States District Court, S.D. New York.

Oct. 25, 1993.

John FitzMaurice, FitzMaurice & Timone, Tuckahoe, NY, for plaintiff.

Kevin O'Dell, Wilson Bave Conboy & Bave, White Plains, NY, for defendant Cleaning Suppliers.

Timothy E. Gillane, Callahan, Schepp et al., New York City, NY, for third party defendant Trans Carrier Truck Lines.

Gregg J. Borri, New York City, for third party defendant Georgia–Pacific Corp.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This is a personal injury suit brought by the plaintiff James Gray ("plaintiff" or "Gray"), a truck driver who was hurt when heavy paper products fell during unloading of the truck. The case presents a classic dilemma which arises when a workplace injury covered by workers' compensation occurs,

but one or more third parties may be wholly or partly responsible for the accident, leading to suits by the worker against the third party or parties, attempts by the latter to claim over against the employer and additional further cross-claims. See, e.g., *National Casualty Co. v. City of Poughkeepsie*, 812 F.Supp. 439, 441 n. 3 (1993).

Very quickly, and quite possibly here, the legal expenses begin to approach the amount in dispute. See generally Taft, *The Delays of the Law*, 18 Yale LJ 28 (1908). As this occurs, a tendency for each party to dig in so as to justify the expenses already incurred may make settlement more difficult at the very time when it most beneficial to all parties.[1]

The result is often profoundly contrary to the objectives the courts are instructed to seek in Fed.R.Civ.P. 1 (the "just, speedy and inexpensive" adjudication of the action), and presents an important challenge to the judiciary in determining how to proceed both fairly and expeditiously.[2]

## II

The motions before me present questions of the tort liability of—

(a) the defendant Trans–Carrier Truck Lines (the "employer") which is the driver's out-of-state employer and which provided workers' compensation coverage to the driver, and

(b) the defendant Georgia–Pacific Corporation (the "shipper"), which ordered the merchandise which caused the injury to be sent to its loading dock.

The plaintiff originally sued only the defendant Cleaning Systems and Suppliers, Inc., (the "customer") which ordered the goods and their shipment; the customer thereafter filed third party complaints against the employer and the shipper, and the shipper also filed a cross-claim against the employer seeking indemnity. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. 1332.

The employer and shipper have moved for summary judgment dismissing the customer's third party cross complaints.[3]

I grant the employer's motion for summary judgment to dismiss all claims against it on conditions set forth below. Because of my dismissal of the customer's claim against the employer, the employer's cross-claims against other parties will be dismissed as moot.

I deny without prejudice the shipper's motion for summary judgment dismissing the claims against it.

## III

The central and undisputed facts are simple: Gray worked for the employer, located in Tennessee, since 1987. The shipper in Florida loaded paper products onto one of the employer's trucks which was driven by plaintiff Gray. When the truck arrived at the customer's loading dock in Pelham Manor, New York on February 11, 1988, some of the product fell on Gray during unloading, causing injury.

Gray received workers' compensation payments and brought the present suit against the customer, who in turn filed third party claims against the other parties to this case.[4] No statistical records, industry standards or studies concerning appropriate methods of loading trucks with paper goods of the weight involved were submitted by any party.

---

1. A comparable phenomenon has prevented settlement of more serious non-judicial conflicts through the ages. See Thucydides, *The Peloponnesian War;* B. Tuchman, *The First Salute* (1989).

2. The court has the power to ask each party to submit evidence establishing that its claim or defense presents a genuine issue of material fact sufficient to survive a motion for summary judgment under Fed.R.Civ.P. 56. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

3. The employer's counsel by letter dated June 16, 1993 has withdrawn its application for dismissal for lack of personal jurisdiction due to improper service of process.

4. Gray was fired for failing to inform the employer of his receipt of workers' compensation payments.

## IV

In this diversity case I apply New York's choice of law rules. In *Cooney v. Osgood Machinery,* 81 N.Y.2d 66, 595 N.Y.S.2d 919, 612 N.E.2d 277 (1993), Judge Kaye applied the law of the state providing workers' compensation benefits to determine the impact of statutes such as that of Tennessee; she also considered the location where conduct to be deterred occurred important in regard to choice of law.

Tennessee Code § 50–6–108 provides that workers' compensation payments are exclusive. This provision (formerly § 50–908) has been held to bar tort suits for contribution against the employer. *Smith v. Illinois Central R.R. Co.,* 263 F.Supp. 70 (E.D.Tenn. 1967). Tennessee law applies and precludes the customer from pursuing its claim against the employer arising out of the accident.

The present case is not of the kind most often presented in personal injury suits in which the alleged tortious behavior and the injury occurred at the same time and place. By contrast, in the present case any sin of omission by the employer through inadequacy in training its drivers occurred in Tennessee where such training might logically have been provided. In any event such a tortious omission cannot be treated as having occurred in New York.

Cases involving long-arm jurisdiction, permitting out-of-state parties to be sued in New York where their acts elsewhere brought about harm in New York, deal with an entirely different question. Amenability to suit and choice of law involve overlapping elements, but satisfying a jurisdictional threshold does not indicate the proper resolution of a choice of law question. Cases upholding long-arm or other personal jurisdiction over out-of-state parties whose conduct outside the state had impact within the state, are not persuasive in this choice-of-law context.[5]

In *Boyle v. Texasgulf Aviation,* 696 F.Supp. 951 (S.D.N.Y.1988), Judge Goettel of this court held that the law of the state furnishing workers' compensation controls the impact of such compensation. See also *Lewis v. Chemetron Corp.,* 448 F.Supp. 211, 213 (W.D.Pa.1978).

The objective of the Tennessee law to protect an employer which has provided workers' compensation and also the interests of other alleged tortfeasors who may be sued, in not being charged for a higher share of fault than appropriate, may each be satisfied by deducting the employer's share of any fault from recovery obtainable from the alleged tortfeasor.[6] Absent insolvency of a participant, a contingency not involved here so far as appears, the plaintiff also receives a full recovery, modified only in that the employer's share is satisfied by no-fault workers' compensation as it would be if only the employer were involved in the first instance.

Such an option would be in keeping with the importance of confronting each party with its share, but only its share, of the cost of any harm which arises from an incident. See *United States v. Reliable Transfer Co.,* 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975); *TIAA v. Coaxial Communications,* 799 F.Supp. 16 (S.D.N.Y.1992). Such allocation of responsibility would lead to subtraction of an employer's share of fault from that attributable to other parties where the employer's liability without fault justifies its protection from tort damages but should not lead to enhancing the liability of others. See *National Casualty Co. v. City of Poughkeepsie,* 812 F.Supp. 439, 441 n. 3 (1993).

---

5. The employer has abandoned its claim of lack of personal jurisdiction.

6. In this diversity action, state law governs pursuant to *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). As indicated that law is the law of Tennessee, although I believe the same results in regard to the point discussed at present would be likely to be reached in New York. In the absence of state decisions on an issue before me necessarily presented by a state statute and covered by its purposes but not expressly dealt with by its text, I seek an interpretation which would fulfill its objectives. See *Genesco Entertainment v. Koch,* 593 F.Supp. 743 (S.D.N.Y.1964). The same approach is applicable to federal statutory or constitutional provisions absent other sources of authority. *United States v. Classic,* 313 U.S. 299, 317–18, 61 S.Ct. 1031, 1038, 85 L.Ed. 1368 (1941).

The defendant customer correctly points out that New York permits alleged tortfeasors to protect themselves against absorbing costs of injuries brought about in whole or in part by employers of an accident victim. See generally *Dole v. Dow Chemical Co.*, 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288 (1972); *Cooney, supra.* While this has occurred to date by permitting third party claims against employers, it could also be achieved by permitting a defendant in a tort case to deduct an employer's portion of fault from any award against a tort defendant where the employer has provided workers' compensation.

Subtraction of the share of a non-party from fault allocated to others is traditional in New York and elsewhere; hence this result might logically obtain under New York law were it applicable. See *In re Eastern and Southern Districts Asbestos Litigation*, 772 F.Supp. 1380, 1349–1406 (E. & S.D.N.Y. 1991), *aff'd* 971 F.2d 831 (2d Cir.1992); *Kelly v. Long Island Lighting Co.*, 31 N.Y.2d 25, 29, 334 N.Y.S.2d 851, 854, 286 N.E.2d 241, 242–43 (1972); *Gannon Personnel Agency v. City of New York*, 57 A.D.2d 538, 394 N.Y.S.2d 5 (1977).

While the result may be that the employee receives a lesser amount in the event of a tort recovery (consisting of the difference between the employer's share of any fault and the amount of workers' compensation received), than would otherwise be the case the interests of all parties are respected. The employee receives the certainty (and at times the speed) of no-fault workers' compensation payments together with the portion, if any, of tort damages, allocable to fault on the part of non-employer defendants (here, the shipper and customer).

While I conclude that summary judgment should be granted dismissing the third party complaint against the employer for these reasons, I condition this upon the employer furnishing witnesses, documents or other information which it would be expected or required to produce at trial. This will enable other parties to establish what portion of fault, if any, in connection with the accident was attributable to the employer.

■ I am also concerned by references in the papers before me to Gray having been fired by the employer for failure to report his receipt of workers' compensation benefits. The only obvious significance would appear to be in connection with the case now before me. I request [7] the employer to reconsider its dismissal of Gray and to inform me of the result.

V

■ The shipper argues that it is immune from liability because it did nothing unusual in loading the truck, and the customer was aware of the method utilized. No information concerning the safety record and advantages or disadvantages of different methods of placing loads of the kind involved here on vehicles, either involving the shipper or in the industry, has been furnished. Under these circumstances, it is impossible at present to determine that no genuine issue of material fact exists with respect to the shipper's behavior.

■ The shipper further argues that the employer (the trucking company) is liable to it for attorneys' fees and any damages assessed against it pursuant to an indemnity agreement. Such a contractual indemnity might permit the shipper to bypass the employer's workers' compensation defense. See *Smith v. Illinois Central R.R. Co.*, 263 F.Supp. 70 (E.D.Tenn.1967).

The agreement here provides that the carrier [employer] "agrees to indemnify and

---

7. See *Friarton Estates Corp. v. City of New York*, 681 F.2d 150, 160 (2d Cir.1982). If the employer would routinely learn of workers' compensation payments to its employees, there would appear to be little reason to punish Gray for failure to report the payment to him. Moreover, unless Gray violated a clearly announced rule of which he was aware, or a provision of an agreement between him and the employer, the basis for the punishment would be obscure.

So long as the primary case is still before me, I have ancillary or supplemental jurisdiction over this matter under 28 U.S.C. § 1367 and related case law; I also have authority over matters sufficiently closely related to the litigation. *Chambers v. NASCO*, —— U.S. ——, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

hold harmless SHIPPER from any and all liability arising out of the performance and fulfillment of this contract *except acts of negligence or omissions constituting negligence by agents, servants, or employees of SHIPPER*" (emphasis added).

Under this language the employer is only liable to the shipper if the shipper's liability is not based on its negligence. The shipper, however, can only be liable to the plaintiff (Gray) if its loading of the cargo onto the truck leading to the accident involved here was negligent, and the indemnity does not cover costs or liability caused by such negligence. Accordingly, the indemnity clause is inapplicable to this case.

## VI

I direct the parties to consider alternative means of resolving the underlying question raised by the shipper's motion and the balance of unresolved issues in this litigation, including:

(a) Settlement of the entire case by all parties with or without outside assistance.

(b) Use of a court-appointed expert either with regard to the factual responsibility for causing the accident of the shipper, or that of all parties to the case including the employer, pursuant to Fed.R.Evid. 706, see *Reilly v. United States*, 863 F.2d 149, 154–61 (1st Cir. 1988); *Shea v. Road Carriers Local 707 Welfare Fund*, 818 F.Supp. 631 (S.D.N.Y.1993).

SO ORDERED.