**James GRAY, Plaintiff,**

v.

**CLEANING SYSTEMS AND SUPPLIERS, INC.,**
**Defendants,**

**Trans–Carrier Truck Lines and Georgia–Pacific Corporation, Third–Party Defendants.**

**No. 90 Civ. 0857 (VLB).**

United States District Court,
S.D. New York.

Aug. 3, 1994.

John FitzMaurice, FitzMaurice & Timone, Tuckahoe, NY, for plaintiff.

Kevin O'Dell, Wilson Bave Conboy & Bave, White Plains, NY, for defendant Cleaning Suppliers.

Timothy E. Gillane, Callahan, Schepp et al., New York City, for third party defendant Trans Carrier Truck Lines.

Gregg J. Borri, New York City, for third party defendant Georgia–Pacific Corp.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

On February 11, 1988 the plaintiff James Gray was injured while unloading a truckload of paper goods shipped to the defendant Cleaning Systems and Suppliers ("Cleaning Systems") by Georgia–Pacific Corporation ("Georgia–Pacific") as the shipper, utilizing the truck furnished by Trans–Carrier Truck Lines ("Trans–Carrier"), which employed Gray. The case is before this court pursuant to diversity of citizenship jurisdiction.

By memorandum order of October 25, 1993, summary judgment was granted to Trans–Carrier; Georgia–Pacific's motion for summary judgment was denied without prejudice because of absence of data concerning experience in the industry with the safety of shipments of loose paper products transported by truck. *Gray v. Cleaning Systems,* 834 F.Supp. 123 (S.D.N.Y.1993).

Georgia–Pacific has now renewed its motion, citing internal records indicating that it had shipped some 200,000 floor-loaded trailers of light paper products from January 1986 through 1993 without receiving any claims other than that of the plaintiff Gray.

For the reasons which follow, the motion is denied.

## II

Neither Georgia–Pacific nor Cleaning Systems took the necessary action to assure that the load was palletized or otherwise segmented so that individual packages would not loosely fall onto the unloader. This may have been crucial because there was no loading dock at Cleaning Systems' location, which would have made it unnecessary for Gray incur the hazard of working with tons of material looming above him.

Although floor-loading, found safe by Georgia–Pacific's records, presumably excludes palletization or some other structure beneath the packages, Georgia Pacific does not claim to have records showing whether or not stretch wrap, adhesive or other means of holding the load together in segments was used in a significant part of the 200,000 shipments analyzed.

On this motion for summary judgment, ambiguities are resolved against the moving party. Since Georgia Pacific's statistics were contained in a two-page affidavit filed on May 31, 1994, the issue was necessarily carefully canvassed by Georgia Pacific which one may assume made its best possible presentation.

It is evident that something went drastically wrong in the loading or unloading of the cargo which injured Gray. It is difficult to assume that what occurred was entirely unforeseeable and that no foreseeable precautions could have prevented it.

The risk at the unloading end upon delivery of the shipment was foreseeable because there was no loading dock. Nothing appears to have been done at the loading (shipper) end of the trip to ameliorate the hazard awaiting the driver upon arrival with the cargo. There is enough to indicate that both Georgia–Pacific and Cleaning Systems were negligent in permitting the accident to occur to call for denial of Georgia–Pacific's motion for summary judgment.

## III

On this motion for summary judgment, plaintiff had the benefit of all reasonable inferences. At trial, plaintiff will have the burden of proof. Consequently, it is important for the parties to be aware that notwithstanding denial of the present motion, Georgia–Pacific's statistics will be admissible and may be very persuasive at trial. With this in view, the parties are directed to revisit possibilities of settlement of this case and to advise the court within 30 days of the date of this memorandum order whether or not judicial assistance in settlement efforts might be useful.

SO ORDERED.