■ JAMES H. SULLIVAN, as Administrator of the Estate of J. RYAN SULLIVAN, Deceased, Appellant, v J.V. McNICHOLAS TRANSFER Co. et al., Respondents. (Appeal No. 1.) [638 NYS2d 260] —Judgment unanimously reversed on the law without costs and new trial granted on damages only. Memorandum: Plaintiff commenced this action to recover damages for the wrongful death of J. Ryan Sullivan (decedent), arising out of an automobile accident that occurred on October 20, 1977, on the Ohio Turnpike in Lorrain, Ohio. Decedent and two friends, all recent graduates of Notre Dame University, were en route to a football game in South Bend, Indiana, from Hamburg, New York, when their car, driven by Mark G. Ruof, left the highway and struck a parked tractor trailer owned by the corporate defendant, J.V. McNicholas Transfer Co. Before trial, plaintiff moved for an order directing that the action be governed by the substantive law of Ohio. Supreme Court applied Ohio law regarding the issue of defendants' negligence but applied New York law regarding the issues of damages, set-off and apportionment. The jury awarded plaintiff total damages of $23,014 and found defendants 20% at fault. The court adjudged that the jury award be offset in its entirety because of plaintiff's prior settlement in an action against Ruof in the amount of $50,000. Plaintiff appeals from that judgment. Thereafter, the court denied plaintiff's motion for a new trial. Plaintiff also appeals from the order denying that motion.

The court erred in directing that New York law applies regarding the issues of damages, set-off and apportionment. Applying relevant choice of law principles, we conclude that Ohio's wrongful death statute should be given effect in this action (see, Cooney v Osgood Mach., 81 NY2d 66, affg 179 AD2d 240; Schultz v Boy Scouts, 65 NY2d 189; Neumeier v Kuehner, 31 NY2d 121, 128-129). In Schultz v Boy Scouts (supra), the Court of Appeals reiterated that the relevant analytical approach to choice of law in tort actions in this State is interest analysis. Under that approach, the law of the jurisdiction having the greatest interest in the litigation will be applied and

" 'the [only] facts or contacts which obtain significance in defining State interests are those which relate to the purpose of the particular law in conflict' " *(Schultz v Boy Scouts, supra,* at 197, quoting *Miller v Miller,* 22 NY2d 12, 15-16). "Under this formulation, the significant contacts are, almost exclusively, the parties' domiciles and the locus of the tort" *(Schultz v Boy Scouts, supra,* at 197). Additionally, "when the conflicting rules involve the appropriate standards of conduct, rules of the road, for example, the law of the place of the tort 'will usually have a predominant, if not exclusive, concern' [citations omitted] because the locus jurisdiction's interests in protecting the reasonable expectations of the parties who relied on it to govern their primary conduct and in the admonitory effect that applying its law will have on similar conduct in the future assume critical importance and outweigh any interests of the common-domicile jurisdiction" *(Schultz v Boy Scouts, supra,* at 198).

We perceive no interest that New York has in regulating the wrongful death damages that an Ohio corporation may incur because of the negligence of its employee on an Ohio highway. On the other hand, Ohio has a substantial interest in regulating conduct on its highways and in ensuring that those who use its highway will compensate those whom they have injured.

For the same reason, we conclude that the court erred in applying General Obligations Law § 15-108, rather than Ohio law, regarding the effect of the settlement with Ruof on the jury's award of damages *(see, Cooney v Osgood Mach., supra; see also, Brewster v Baltimore & Ohio R. R. Co.,* 185 AD2d 653, 654; *LaForge v Normandin,* 158 AD2d 990).

Lastly, defendants' argument that plaintiff should be judicially estopped from asserting that the substantive law of Ohio should apply regarding the issues of damages, set-off and apportionment because plaintiff took a contrary position on an earlier appeal to this Court *(see, Sullivan v McNicholas Transfer Co.,* 93 AD2d 527) was not made before the nisi prius court and therefore, is not before us *(see, Chock 34th St. Operating v Chock Full O'Nuts Corp.,* 173 AD2d 214, 216).

Therefore, we reverse the judgment on appeal and grant a new trial on damages only. (Appeal from Judgment of Supreme Court, Erie County, Griffith, J.—Damage Award.) Present—Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ.