■ CLEMENCIA PAULINO, Respondent, v JORGE A. GUZMAN, Respondent, and SKURTA SHABAJ et al., Appellants, et al., Defendants. [925 NYS2d 503]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered November 8, 2010, which, to the extent appealed from as limited by the brief, denied defendants Shabaj's and Salihaj's motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against said defendants.

The record establishes that after the car driven by Salihaj (and owned by Shabaj), which was traveling in the center lane of the Bronx River Parkway, passed a disabled vehicle in the right lane, it was struck by a car that had pulled up behind the disabled vehicle, come nearly to a stop, and then darted into the center lane. The unidentified car continued driving and left the scene. However, the collision propelled Salihaj's car partly into the left lane, where it came to rest, disabled. Two cars traveling in the left lane, driven by defendants DeLeon and Johnson, respectively, were able to stop safely behind Salihaj's car. However, defendant Guzman, in whose car plaintiff was a passenger, struck the rear of Johnson's car, which in turn struck the rear of DeLeon's car. Guzman admitted that the first time he saw the cars in front of him, they were already stopped. He testified that he applied his brakes but could not stop because the road was wet.

Nothing in the record raises the inference either that Salihaj could have avoided the accident with the unidentified car or that he chose to stop his car in the middle of the Parkway, rather than becoming disabled there through no fault of his own (*compare Tutrani v County of Suffolk*, 10 NY3d 906 [2008] [driver deliberately slowed vehicle to near stop in busy travel lane, creating foreseeable danger]). Moreover, as he drove past the disabled vehicle in the right lane and saw the unidentified car, Salihaj was entitled to assume that the driver of that car would obey the traffic laws and not move into the center lane before it was safe to do so (*see Jordan v City of New York*, 12 AD3d 326 [2004]; Vehicle and Traffic Law § 1128 [a]). Concur—Tom, J.P., Friedman, Acosta, Renwick and DeGrasse, JJ.