■ FERNANDO ROMAN et al., Plaintiffs, and LIBERTY MUTUAL INSURANCE COMPANY, as Subrogee of Julia Román, Respondent, v SILVIA B. CABRERA, Defendant, and FRANK LAWRENCE, IV, Appellant. [979 NYS2d 310]—

The subject motor vehicle accident occurred on the northbound side of Interstate 95 in the Town of Mamaroneck. Plaintiff Fernando Roman was struck by an automobile that was being operated by defendant Silvia B. Cabrera. At the time of the accident, Roman was changing a tire on a vehicle that was parked on the right shoulder of the highway. According to a police report prepared by State Trooper Rosado, the accident occurred at 7:29 a.m. near milepost marker 8.7. Lawrence, who alleges that he did not see plaintiff's accident, testified that his automobile was stuck in the left lane and disabled after it struck the median divider on the left side of the roadway. A second po-

lice report, prepared by State Trooper Bozier, indicates that Lawrence's collision occurred at 7:22 a.m. near milepost 8.6.

Plaintiffs assert that there are triable issues of fact as to whether Lawrence was negligent and whether such negligence was a proximate cause of the contact between Cabrera's vehicle and Roman. Cabrera, who appeared by counsel, did not submit an affidavit and was apparently not deposed. Nonetheless, plaintiffs opposed the motion solely on the basis of a notation in Trooper Rosado's report to the effect that "Cabrera swerved to avoid Mr. Lawrence's vehicle and in so doing lost control of her vehicle, striking Mr. Román." This police accident report is insufficient to raise an issue of fact since it recites hearsay and was prepared by an officer who had not observed the accident (see *Singh v Stair*, 106 AD3d 632 [1st Dept 2013]). Moreover, plaintiffs have not demonstrated an excuse for their failure to offer proof on the issue in admissible form (see *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1068 [1979]).

Even if it were admissible, the police report would still be insufficient to raise a triable issue of fact. Liability may not be imposed on a party who merely furnishes the condition or occasion for the occurrence of the event, but was not one of its causes (see *Sheehan v City of New York*, 40 NY2d 496, 503 [1976]). The report would not have raised an inference that Lawrence's conduct caused the emergency condition created when his vehicle hit the median divider as he tried to avoid colliding with third unidentified car, which allegedly swerved into his lane (see *Paulino v Guzman*, 85 AD3d 631, 632 [1st Dept 2011]). Concur—Tom, J.P., Sweeny, DeGrasse, Gische and Clark, JJ.