■ RYAN J. COUTU, Respondent-Appellant, v ANDRES SANTO DOMINGO, Appellant-Respondent. [998 NYS2d 40]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered August 26, 2013, which granted plaintiff's motion for partial summary judgment on the issue of liability and granted defendant's cross motion for partial summary judgment dismissing the claims for punitive and/or exemplary damages, unanimously affirmed, without costs.

Plaintiff established entitlement to partial summary judgment on the issue of liability by demonstrating that he was crossing the street, within the crosswalk, with the light in his favor, and had crossed two lanes of travel, when he was struck by defendant's car, which was making a right turn and moving at a fast rate of speed (*see Gonzalez v ARC Interior Constr.*, 83 AD3d 418 [1st Dept 2011]). Defendant's speculation that plaintiff may have been comparatively negligent does not raise a triable issue of fact (*see Beamud v Gray*, 45 AD3d 257 [1st Dept 2007]). Furthermore, even assuming that plaintiff failed to look for traffic before crossing the street, defendant denied any recollection of the accident and thus, is unable to provide any "evidence upon which to determine the extent to which such [alleged] negligence contributed to the accident" (*Zhenfan Zhang v Yellow Tr. Corp.*, 5 AD3d 337, 337 [1st Dept 2004]).

The circumstances presented do not warrant the imposition of punitive damages (*see e.g. Hale v Saltamacchia*, 28 AD3d 715 [2d Dept 2006]). While defendant's flight from the scene was illegal, it occurred only after plaintiff had stood up and was in the process of obtaining assistance, and there is no indication that defendant's conduct was motivated by an intent to inflict injury (*compare Rahn v Carkner*, 241 AD2d 585 [3d Dept 1997]). Concur—Mazzarelli, J.P., Acosta, Saxe, Clark and Kapnick, JJ.