Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered July 31, 2014, which granted plaintiff’s motion for summary judgment on the issue of liability, unanimously affirmed, without costs.
Plaintiff made a prima facie showing of her entitlement to judgment as a matter of law on the issue of liability by submitting her affidavit stating that the yellow school bus owned by defendant Rivlab Transportation Corp. struck her and ran over her foot, as she was crossing within a crosswalk, with the pedestrian light in her favor, and after she had looked for oncoming traffic (see Garzon-Victoria v Okolo, 116 AD3d 558, 558 [1st Dept 2014]). Defendants’ contention that plaintiff did not provide evidence to establish that defendant Littlejohn was the driver of the bus is raised for the first time on appeal and therefore is not preserved for our review (see Diarrassouba v Consolidated Edison Co. of N.Y. Inc., 123 AD3d 525 [1st Dept 2014]).
In opposition, defendants failed to raise a triable issue of fact, since they submitted only an affirmation from an attorney without personal knowledge of the facts (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). Nor was defendants’ answer, verified by an attorney without personal knowledge of the facts, sufficient to raise an issue of fact (see JPMorgan Chase Bank, N.A. v Clancy, 117 AD3d 472 [1st Dept 2014]). Defendants’ speculation that plaintiff may have been comparatively negligent does not raise a triable issue of fact (see Coutu *448 v Santo Domingo, 123 AD3d 410, 410 [1st Dept 2014], lv dismissed 24 NY3d 1214 [2015]). Although plaintiff’s motion was filed before discovery, defendants failed to explain what discovery was needed to oppose the motion (see Santana v Danco Inc., 115 AD3d 560 [1st Dept 2014]; see also CPLR 3212 [f]), and they did not serve discovery demands during the years the action was pending (see Patino v Drexler, 116 AD3d 534, 534 [1st Dept 2014]).
Concur — Tom, J.P., Sweeny, Moskowitz, DeGrasse and Richter, JJ.