■ ROBERT KRIEGER, Respondent, v DENISE GLATTER, Defendant, and TABLECLOTH COMPANY, INC., Appellant. [11 NYS3d 161]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered May 19, 2014, as supplemented by order entered on or about August 5, 2014, which denied defendant Tablecloth Company, Inc.'s motion to dismiss the complaint on forum non conveniens grounds, and granted plaintiff's motion for summary judgment as against Tablecloth Company on liability, unanimously affirmed, without costs.

Defendant Tablecloth Company failed to meet its heavy burden of establishing that New York is an inconvenient forum and that there is no substantial nexus between New York and the action (CPLR 327 [a]; see Kuwaiti Eng'g Group v Consortium of Intl. Consultants, LLC, 50 AD3d 599, 600 [1st Dept 2008]). While all the parties and a number of plaintiff's treating healthcare providers are New Jersey residents, the balance of the relevant factors weighs in favor of a New York forum (see Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479 [1984], cert denied 469 US 1108 [1985]; Terrones v Morera, 295 AD2d 254 [1st Dept 2002]; Brodherson v Ponte & Sons, 209 AD2d 276 [1st Dept 1994]). The motor vehicle accident occurred in New York County, plaintiff and defendant Glatter were traveling in the course of their employment at the time, plaintiff received considerable treatment in New York, including at a hospital emergency room and an orthopedics practice, and underwent knee surgery here. The New York City Police Department responded to the accident, and the police officer could testify as to an inculpatory statement made by Glatter. Moreover, discovery is complete, and liability has been determined.

Plaintiff established prima facie that he was crossing the street, within the crosswalk, with a green traffic signal in his favor, when he was struck by Glatter's vehicle, which was making a left turn (see Coutu v Santo Domingo, 123 AD3d 410 [1st Dept 2014], lv dismissed 24 NY3d 1214 [2015]). In opposition, Tablecloth Company, Glatter's employer, failed to raise an issue of fact as to its vicarious liability since it offered only conjecture as to plaintiff's comparative negligence (see id.). Plaintiff's failure to observe Glatter's vehicle before it struck him is not suggestive of comparative negligence, since he testified that he looked both ways before entering the intersection, Glatter admitted that plaintiff had crossed almost half the avenue when she first observed him, at which time his back was

to her, and plaintiff consistently testified that he was struck from behind (*cf. Thoma v Ronai*, 82 NY2d 736 [1993], *affg* 189 AD2d 635, 636 [1st Dept 1993] [affirming denial of summary judgment to the plaintiff since "if the facts were as stated by (her), and she had looked to her left while crossing, she almost certainly would have seen defendant's van turning left on East 79th Street from First Avenue and might have avoided the accident"]). Concur—Acosta, J.P., Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.