De Diaz v Klausner (2021 NY Slip Op 05624)





De Diaz v Klausner


2021 NY Slip Op 05624


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Gische, J.P., Moulton, González, Kennedy, Scarpulla, JJ. 


Index No. 30368/19 Appeal No. 14353 Case No. 2021-00931 

[*1]Evelin Aguilera De Diaz, Plaintiff-Appellant,
v
Ronald B. Klausner, Defendant-Respondent.


Weiss & Rosenbloom, P.C., New York (Andrea R. Krugman of counsel), for appellant.
Varvaro, Cotter & Bender, White Plains (Stephen J. Cassels of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about December 21, 2020, which denied in its entirety plaintiff Evelin Aguilera De Diaz's motion for summary judgment on the issue of liability, and to strike defendant's first, second, sixth, eighth, twelfth, and thirteenth affirmative defenses, unanimously modified, on the law, to dismiss the sixth and twelfth affirmative defenses, otherwise affirmed, without costs.
Plaintiff made a prima facie showing of her entitlement to judgment as a matter of law by demonstrating that she was crossing the street, within the crosswalk, with the light in her favor, when she was struck by defendant's vehicle, which was making a left turn (see Krieger v Glatter, 129 AD3d 536 [1st Dept 2015]). In opposition, defendant raised a triable issue of fact based on his version of the accident, which conflicted with plaintiff's account (see Savall v New York City Tr. Auth., 173 AD3d 566, 567 [1st Dept 2019]). Defendant asserted that plaintiff, in fact, was not crossing the crosswalk from the northeast side of the street, but rather, out of nowhere, appeared to be coming from the west side of the street, causing impact to the left driver side of his vehicle as he was making a left turn. Defendant also maintained that he did not see plaintiff in the crosswalk until he stopped his vehicle, after plaintiff was struck. Prior to turning left, he looked to both the northeast and northwest bound side of the street and observed that there were no pedestrians in the crosswalk (see Acton v 1906 Rest. Corp., 147 AD3d 1277 [3d Dept 2017]). As there are multiple issues of fact that cannot be resolved as a matter of law, the court properly denied plaintiff's motion for summary judgment on liability. For the same reasons, defendant's first, second, eighth, and thirteenth affirmative defenses cannot be dismissed on this motion (see 534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick, 90 AD3d 541, 542 [1st Dept 2011]).
However, the motion court erred in denying the portion of plaintiff's motion to dismiss defendant's sixth affirmative defense, the emergency doctrine. The emergency "doctrine recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991]).
In his affidavit submitted in opposition to the underlying motion, defendant alleges that, prior to the accident, he was traveling eastbound on East 82nd Street, heading towards the First Avenue intersection — an area with which he was very familiar. Defendant further maintains that he was driving slowly and carefully.
As defendant approached First Avenue, he stopped at [*2]a red traffic light. When the traffic light turned green, defendant maintains that he looked at the northwest and northeast sides of First Avenue, and purportedly proceeded to drive "slowly and carefully," making a left turn onto First Avenue. Defendant further alleges that as he began driving on First Avenue, he "suddenly — and without warning — felt that something or someone had contacted [his] vehicle" while driving at a low speed. Afterwards, defendant stopped his vehicle and observed plaintiff standing in the crosswalk.
These allegations — viewed in a light most favorable to defendant — are insufficient to raise an issue of fact as to the existence of a qualifying emergency. Defendant maintains that he did not see plaintiff before she was struck by his vehicle and that she was not in the crosswalk when he began turning onto the avenue; it was only after plaintiff was struck that defendant observed her in the crosswalk. "Without having perceived or reacted to any emergency, the defendant may not rely on the emergency doctrine to excuse [his] conduct" (Jablonski v Jakaitis, 85 AD3d 969, 970 [2d Dept 2011]; see also Anderson v Krauss, 204 AD2d 1074, 1074-1075 [4th Dept 1994] [the defendant driver not confronted with emergency where the defendant "heard his vehicle strike something" and he "stopped his vehicle to investigate and discovered plaintiff [] lying in the street."]; cf. Powers v Kyong Kwan Min, 147 AD3d 401 [1st Dept 2017]).
The motion court also erred in denying the portion of plaintiff's motion to dismiss defendant's twelfth affirmative defense for assumption of risk. The assumption of risk doctrine does not apply to situations such as this, where a pedestrian was struck by a vehicle while crossing the street at a crosswalk, while having the right of way (see generally Ashbourne v City of New York, 82 AD3d 461, 463 [1st Dept 2011].
Finally, contrary to plaintiff's argument, the court properly declined to consider the description of the accident contained in the police accident report as it recited hearsay and was prepared by a police officer who did not witness the accident (see Roman v Cabrera, 113 AD3d 541, 542 [1st Dept 2014]).
We have considered all remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021