Eltosam v Darling Ingredients Inc. (2025 NY Slip Op 00627)

Eltosam v Darling Ingredients Inc.

2025 NY Slip Op 00627

Decided on February 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 04, 2025

Before: Friedman, J.P., Gesmer, González, Scarpulla, Pitt-Burke, JJ. 

Index No. 815224/21 Appeal No. 3610 Case No. 2024-02021 

[*1]Johnson Eltosam, Plaintiff-Appellant,
v
Darling Ingredients Inc. et al., Defendants-Respondents.

Robert A. Hyams, Attorney at Law, New York (Marc D. Citrin of counsel), for appellant.
Marshall Dennehey, P.C., New York (Jack J. Yau of counsel), for respondents.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered on or about February 15, 2024, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The evidence, including plaintiff's testimony, shows that plaintiff's vehicle was stopped while partially merged from the service road onto the main traffic lane when defendants' truck hit the driver's side of his car. Thus, plaintiff's car was not entirely within a single lane and proceeded to merge before it was safe to do so in violation of Vehicle and Traffic Law § 1128(a), which constitutes negligence per se (see Davis v Turner, 132 AD3d 603, 603 [1st Dept 2015]).
Plaintiff was required to stop and await a break in traffic before merging completely rather than attempt to merge partially and stop between lanes before completing the merger (see Castro v Hatim, 174 AD3d 464, 467 [1st Dept 2019]). Because defendant driver had the right of way, he was entitled to assume that plaintiff would obey the traffic laws and not merge until it was safe to do so (see Paulino v Guzman, 85 AD3d 631, 632 [1st Dept 2011]). That plaintiff maintains he was stopped for between 5 to 15 seconds before impact does not affect the above analysis, as a driver with the right of way who has only seconds to react to a failure to yield is not comparatively at fault (see Caparitia v Johnson, 216 AD3d 529 [1st Dept 2023]; Castro v Hatim, 174 AD3d at 467).
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2025