Hickman v Carmona (2026 NY Slip Op 50042(U))

[*1]

Hickman v Carmona

2026 NY Slip Op 50042(U)

Decided on January 20, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 20, 2026
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Tisch, Perez, JJ.

571415/25

Quinessa A. Hickman, Plaintiff-Appellant, 
againstJose Carmona and Enmanuel Hinojosa, Defendants-Respondents.

Plaintiff appeals from a judgment of the Small Claims Part of the Civil Court of the City of New York, Bronx County (Jessica I. Bourbon, J.), entered March 28, 2025, after trial, in favor of defendants dismissing the action.

Per Curiam.
Judgment (Jessica I. Bourbon, J.), entered March 28, 2025, affirmed, without costs.
The dismissal after trial of this small claims action for property damages based upon a purported three-car collision achieved "substantial justice" consistent with substantive law principles (CCA 1804, 1807; see Williams v Roper, 269 AD2d 125 [2000], lv dismissed 95 NY2d 898 [2000]). The trial court could reasonably reject plaintiff's evidence as to the cause of the accident since it rested on hearsay. Plaintiff was not in the vehicle and did not witness the accident, and she relied on hearsay in the form of assertions previously made by her son, who was driving the car, and defendant Carmona, neither of whom testified at trial, as well as a police report prepared by an officer who did not observe the accident (see Roman v Cabrera, 113 AD3d 541, 542 [2014], lv dismissed & denied 24 NY3d 949 [2014]). Since "[n]o judgment, even in a small claims action, can rest entirely on hearsay evidence," the court achieved substantial justice between the parties in dismissing her claims (Zelnik v Bidermann Indus. U.S.A., 242 AD2d 227, 228 [1997]; see also Vilchek v Jewelry Appraiser, 84 Misc 3d 129[A], 2024 NY Slip Op 51545[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concurDecision Date: January 20, 2026