■ SONDRA MESHULAM et al., Appellants, v SAMUEL BRILL, Respondent.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered April 2, 1987, which, upon a grant of reargument and renewal, granted defendant's motion to dismiss the action for forum non conveniens, unanimously modified, on the law and on the facts and in the exercise of discretion, to deny the motion to dismiss, and except as thus modified, affirmed, with costs and disbursements.

Plaintiffs, New Jersey residents, were in an automobile stopped in traffic at the New York end of the Lincoln Tunnel, when their car was struck in the rear by an automobile driven by defendant, at the time a Pennsylvania resident. Defendant, who had relocated to Florida after the accident, moved to dismiss the action on the ground that defendant would be inconvenienced and prejudiced by a trial in New York, while plaintiffs would be no more inconvenienced by a trial in Pennsylvania than in New York. Originally the motion was denied, apparently because the court believed that at the time of the accident one of the plaintiffs lived in New York and that a witness to the accident lived in New York. Upon reargument, defendant established that neither of the plaintiffs lived in New York, and that plaintiffs had not offered any proof as to the existence of an available witness who lived in New York. Consequently, upon reargument, the motion was granted.

"The application of the doctrine of *forum non conveniens* is a matter of discretion to be exercised by the trial court and the Appellate Division." *(Islamic Republic v Pahlavi,* 62 NY2d 474, 478.) "The burden rests upon the defendant challenging the forum to demonstrate relevant private or public interest factors which militate against accepting the litigation". *(Supra,* at 479, citing cases.) Plaintiffs' residence in New Jersey and the absence of a New York witness to the accident notwithstanding, defendant has failed in his burden to show that New York is any less convenient a forum than Pennsylvania for either himself or plaintiffs. The accident occurred in New York; its law will no doubt apply to the trial of the action; any police witnesses would be from New York; and the

treating physicians have offices in New York City. New York thus has a substantial nexus to the accident.

Pennsylvania is no more convenient to any party since none of them presently lives there. Nor does any witness. While we are aware that Pennsylvania and New York are contiguous to New Jersey we also note that Verona, New Jersey, where plaintiffs reside, is decidedly closer to New York County than the nearest part of Pennsylvania. Defendant has not shown that it is any more difficult for him to travel to New York than Pennsylvania.

Consequently, in balancing all the factors, we find that New York is not an inconvenient forum. Concur—Murphy, P. J., Kupferman, Sullivan, Ross and Smith, JJ.