■ HAZEL I. S. BARLOW, Respondent, v HERTZ CORPORATION, Appellant and Third-Party Plaintiff et al., Third-Party Defendant.—Order of the Supreme Court, New York County (Karla Moskowitz, J.), entered on December 21, 1988, which, *inter alia,* denied the defendant and third-party plaintiff's motion to dismiss pursuant to CPLR 327, or, in the alternative, for an interlocutory order determining the applicability of California law, unanimously affirmed, for the reasons stated by Moskowitz, J., with costs.

In this situation, where the defendant has made no showing whatsoever that a California forum would best serve the ends of justice and the convenience of the parties, its motion to dismiss on forum non conveniens grounds was properly denied. *(See,* CPLR 327; *Islamic Republic v Pahlavi,* 62 NY2d 474 [1984].)

Moreover, where the plaintiff in this action is a California domiciliary and defendant Hertz has significant contacts with New York State, and the accident occurred in New York State, there is no reason to apply California law. The defendant has not shown that California's interest in applying its law to out-of-State accidents which include at least one of its domiciliaries is so important as to override the application of the law of the State where the accident occurred. *(Neumeier v Kuehner,* 31 NY2d 121 [1972]; *see also, Roach v McGuire & Bennett,* 146 AD2d 89 [3d Dept 1989].) Concur—Murphy, P. J., Ross, Milonas, Kassal and Rubin, JJ.