■ MARCIA BRODHERSON, Appellant, v V. PONTE & SONS et al., Respondents. [618 NYS2d 350] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered January 5, 1994 which, inter alia, granted defendants' motion and dismissed the within action on the grounds of forum non conveniens, unanimously reversed, on the law, facts and as a matter of discretion, without costs, the motion is denied and the matter is transferred to New York County.

This is a personal injury action in which plaintiff allegedly sustained injuries in a two-vehicle accident in the vicinity of Varick and Charlton Streets in lower Manhattan. Plaintiff, a Vermont resident, was operating her vehicle when it collided with a vehicle operated by defendant Clarence Bell and owned by V. Ponte & Sons, both of whom are New Jersey residents.

Subsequent to the commencement of this action, defendants

moved to dismiss the complaint, pursuant to CPLR 327, based primarily on the respective residences of the parties and the alleged lack of nexus with New York State. The IAS Court granted the motion with the caveat that defendants stipulate to submit to the jurisdiction of the New Jersey courts. We now reverse.

It is well settled that the burden of establishing that New York is an inconvenient forum rests squarely with the party challenging that forum (*Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479, *cert denied* 469 US 1108; *Banco Ambrosiano v Artoc Bank & Trust*, 62 NY2d 65, 74; *Neville v Anglo Am. Mgt. Corp.*, 191 AD2d 240, 241).

In the instant action, defendants have failed to demonstrate that New Jersey is a more appropriate forum as the accident occurred in New York, plaintiff received extensive medical care in New York and an important witness is a New York City police officer. New York, therefore, has a substantial nexus to this action (*Meshulam v Brill*, 144 AD2d 311; *see also, Barlow v Hertz Corp.*, 156 AD2d 193). Further, there is no indication that defendants will be unduly burdened in a New York forum, especially in light of the fact that the New Jersey County in which they seek to have this matter heard is just a short drive across the George Washington Bridge, as defendants have readily observed.

This action, however, should be transferred to New York County as the accident occurred there and no compelling circumstances exist which would warrant the retention of venue in Bronx County (*see, e.g., McDaniel v Port Auth.*, 202 AD2d 222; *Morales v City of New York*, 189 AD2d 581). Concur —Carro, J. P., Rosenberger, Ellerin, Nardelli and Tom, JJ.