■ SAMUEL PISAR, Respondent, v MARSHALL COGAN et al., Appellants. [624 NYS2d 426] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered November 3, 1994,

which denied defendants' motion to dismiss the complaint on the ground of forum non conveniens or, in the alternative, to stay the action pending determination of an action brought by defendant corporation against plaintiff in a French court, unanimously affirmed, with costs.

The IAS Court correctly found that New York is not an inconvenient forum to resolve this contract dispute between plaintiff, a New York resident and attorney, and defendants, an individual who resides in New York and a corporation that has its principal place of business in New York. The agreements were executed and for the most part negotiated in New York, their subject matter, the formation of a limited partnership, was accomplished in New York *(see, Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.],* 81 NY2d 219, 227), material witnesses are all located in New York *(Brodherson v Ponte & Sons,* 209 AD2d 276), plaintiff was partially paid in New York *(see, Manhattan Film v Entertainment Guars.,* 156 AD2d 152, 154), and France's claimed nexus concerns potential disciplinary action against plaintiff, who is also licensed as an attorney in France and has a residence there. Nor was it an improper exercise of discretion to deny a stay pending determination of the French action, where the parties, causes of action, and relief sought are not identical *(Matter of Donner,* 161 AD2d 405, 406). Concur—Ellerin, J. P., Kupferman, Ross, Asch and Tom, JJ.