**Lekas v Dezer Props., LLC**

2024 NY Slip Op 31754(U)

May 21, 2024

Supreme Court, New York County

Docket Number: Index No. 153879/2023

Judge: Lisa S. Headley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LISA S. HEADLEY**         PART        **28M**

*Justice*

--------------------------------------------------------------------X

THEOHARIS LEKAS,

                  Plaintiff,

          - v -

DEZER PROPERTIES, LLC, DEZER HOTEL
CORPORATION OF AMERICA, DEZER DEVELOPMENT,
LLC,18001 HOLDINGS, LLC,TRUMP INTERNATIONAL
HOTELS MANAGEMENT, LLC,JOHN DOES 1-50

                  Defendant.

--------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153879/2023 |
| MOTION DATE | 02/06/2024, 02/06/2024 |
| MOTION SEQ. NO. | 001 003 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 28, 31, 32, 46, 48, 51, 54, 55, 56

were read on this motion to/for               DISMISSAL             .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 21, 22, 23, 24, 25, 26, 27, 29, 35, 36, 47, 50, 53, 57, 58, 59

were read on this motion to/for               DISMISS             .

      The plaintiff, Theoharis Lekas ("plaintiff") filed this negligence action for the alleged third-degree burns he sustained on his feet in late August 2022, when he was walking on the concrete and/or pavement next to a swimming pool and the sand on a beach at defendants' resort located at 18001 Collins Avenue, Sunny Isle Beach, Florida 33160 ("the Resort" or "subject premises"). Plaintiff alleges that the defendants, Dezer Properties LLC, Dezer Hotel Corporation of America, Dezer Development, LLC, 18001 Holdings, LLC, Trump International Hotels Management, LLC (collectively, "defendants") played a role in the development, construction, ownership, management and/or operation of the subject premises.

      Defendants, Dezer Properties LLC, and Dezer Hotel Corporation of America (collectively, "Dezer entities"), are represented by the same attorneys, Boyd, Richards, Parker & Colonnelli, P.L., who filed the following motions before this Court.

      First, defendant, Dezer Properties, LLC ("Dezer Properties"), filed motion sequence number 001, seeking an Order, pursuant to *CPLR §327(a)* and/or *CPLR §3211(a)(7),* to dismiss the complaint in its entirety; and pursuant to *CPLR §2004,* to grant the defendant an extension of

**153879/2023 LEKAS, THEOHARIS vs. DEZER PROPERTIES, LLC ET AL**        **Page 1 of 6**
**Motion No. 001 003**

1 of 6

time to file an answer to the complaint. Plaintiff filed opposition, and Defendant Dezer Properties filed a reply.

Second, defendant, Dezer Hotel Corporation of America ("Dezer Hotel"), filed motion sequence number 003, seeking an Order, pursuant to *CPLR §327(a)* and/or *CPLR §3211(a)(7),* to dismiss the complaint in its entirety, and pursuant to *CPLR §2004,* to grant the defendant an extension of time to file an answer to the complaint. Plaintiff filed opposition and Defendant Dezer Hotel filed a reply.

### I.    Defendant Dezer Properties, LLC's Motion to Dismiss (Seq. No. 001)

In support of the motion to dismiss, the movant-defendant Dezer Properties submits, *inter alia*, the attorney affirmation of Jennifer A. Levine, Esq., the affidavit of David Reimer (*NYSCEF Doc. No. 6*), the New York State Department of State Division of Corporation filings for Dezer entities (*NYSCEF Doc. No. 9),* the Florida Department of State Division of Corporations filings for the Dezer entities (*NYSCEF Doc. No. 10*), and the memorandum of law in support of the motion to dismiss. Dezer Properties argues the complaint should be dismissed because the Resort does not conduct, transact, or solicit business in the State of New York, and the Resort does not generate any revenue in the State of New York.

Mr. Reimer attests that since 2015, he has been the General Counsel for the Dezer companies, including Dezer Properties, Dezer Hotel, and 18001 Holdings, LLC. Mr. Reimer attests, *inter alia*, that in Florida, defendant Dezer Properties is registered as a foreign limited liability company formed under the laws of the State of New York. Dezer Properties has a principal mailing address of 89 Fifth Avenue, New York, NY 10003 (*See, NYSCEF Doc. No. 9, Exhibit C*), and it also has an office located at 18001 Collins, 31st Floor, Sunny Isles Beach, Florida 33160 (*See, NYSCEF Doc. No. 10, Exhibit D*). Mr. Reimer attests that Dezer Properties owns and operates property and real estate in Florida, however, it has no direct connection to or relationships with either the plaintiff or The Resort. Thus, defendant Dezer Properties argues that without a direct relationship or connection to the Resort, it does not owe the plaintiff a duty of care as a matter of law, and the complaint must be dismissed as against Dezer Properties.

### II.   Dezer Hotel Corporation of America's Motion to Dismiss (Seq. No. 003)

Similarly, the movant-defendant, Dezer Hotel, argues the complaint should be dismissed on the basis of *forum non-conveniens* because the plaintiff's injury occurred in Florida at the Resort. Mr. Reimer, in his affidavit, reiterates that the subject premises, the Resort, where plaintiff sustained the alleged injury is not a registered company with the New York State Department of

**153879/2023   LEKAS, THEOHARIS vs. DEZER PROPERTIES, LLC ET AL**          **Page 2 of 6**
**Motion No.  001 003**

2 of 6

[* 2]

State Division of Corporations. Mr. Reimer also attests that the probative evidence and pertinent witnesses are all located in Florida. Specifically, the Resort's owner, the property manager, and their employees, who would most likely be necessary and pertinent witnesses, reside in Florida, and not in New York. The Dezer defendants argue that if this case proceeds in New York, it will result in a significant hardship to defend this case because of the time, expense, and inconvenience for witnesses to travel to New York from Florida. Further, the defendants argue that Florida is an available forum for plaintiff.

In addition, the Dezer defendants argue that the complaint should be dismissed because the plaintiff failed to state a cause of action because the Dezer defendants did not have any involvement in the construction, development, ownership, operation, and/or management of the Resort. In the alternative, the Dezer defendants request that should the Court deny their motions to dismiss, the Court should extend defendants' time to answer the complaint because there is no prejudice for the delay in filing.

### III.    Plaintiff's Opposition

Plaintiff's arguments in opposition to defendants' motion seq. nos. 001 and 003 are the same. Plaintiff argues that this Court can exercise personal jurisdiction in this case because the Resort has sufficient minimum contacts with New York State. Specifically, in the Resort's Articles of Organization, Leslie Dezer, is listed as the  manager of the company. (*See, Motion seq. nos. 001 and 003, NYSCEF Doc. No. 32 and 36*). Plaintiff asserts under the Florida Department of State Division of Corporations (*See, Motion seq. nos. 001 and 003 , NYSCEF Doc. No. 32 and 36*) Leslie Dezer reported her address as 89 Fifth Avenue, 11th Floor, New York, NY 10003.  Plaintiff further argues since the formation of the Resort in 2008 through the date of the incident in 2022, Leslie Dezer and Gil Dezer were listed as the exclusive managers of the Resort.

In addition, the plaintiff asserts New York is a proper forum because Dezer Properties is headquartered in New York based on the New York Department of State Division of Corporations. *(See, Exhibit C and B, NYSCEF Doc. No.9 and 25)* Plaintiff contends Dezer Properties is a Domestic Limited Liability Company with a principal place of business and current mailing address at 89 Fifth Avenue, 11th Floor, New York, New York 10003. *(See, Exhibits C and B, NYSCEF Doc. Nos.9 and 25).*

Further, plaintiff argues the location of the alleged injury in Florida is not at the core of this case because Plaintiff did not receive medical treatment there, and he was medically treated

**153879/2023   LEKAS, THEOHARIS vs. DEZER PROPERTIES, LLC ET AL**                    **Page 3 of 6**
**Motion No.  001 003**

3 of 6

in New Jersey. Plaintiff argues that there would be no hardship to defendants to litigate this action in New York, however, the plaintiff would face hardship if this case were to take place in Florida because defendants' critical witnesses are located in New York. Plaintiff argues that he has sufficiently stated a cause of action because Defendants had a duty to Plaintiff, and Defendants have a non-delegable duty to provide invitees a reasonably safe premises. Therefore, plaintiff requests from this Court that their complaint should not be dismissed.

## IV.    Reply

In reply, Defendant Dezer Properties asserts that Michael Dezer and Leslie Dezer have been domiciled in Florida for several years, and do not reside in New York. *(See, Motion seq. no. 001and 003, Exhibits D and E, NYSCEF Doc. Nos. 55 and 58)*. Dezer Properties argues, *inter alia*, that plaintiff has not proffered any evidence demonstrating that Dezer Properties owns or operates the property where the incident occurred since Mr. Reimer's affidavit states Dezer Properties had absolutely nothing to do with the construction, ownership, or operation of the Resort.

Similarly, in reply, Defendant Dezer Hotel argues that the plaintiff failed to address that Dezer Hotel no longer exists since the New York entity was dissolved in June 1986 and the Florida entity was dissolved in 2019. (*See, Motion seq. 003, Exhibit C and D, NYSCEF Doc. Nos. 26 and 58)*. Defendant Dezer Hotel reiterates that Michael Dezer and Leslie Dezer have been domiciled in Florida for several years. Defendants assert that the material occurrences, witnesses, and records are located in Florida, plaintiff received medical treatment for the incident in New Jersey for which plaintiff can submit to Defendants Dezer entities, and plaintiff is also able to retain a Florida medical expert to opine on the nature of his injuries based on his medical records. Therefore, defendants' motion should be granted.

## V.    Discussion

*CPLR §327(a)* states "[w]hen the court finds that in the interest of substantial justice the action should be heard in another forum, the court, on the motion of any party, may stay or dismiss the action in whole or in part on any conditions that may be just. The domicile or residence in the state of any party to the action shall not preclude the court from staying or dismissing the action." *See, CPLR §327(a).*

*CPLR §3211(a)(7)* states "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that the pleading fails to state a cause of action." *See, CPLR §3211(a)(7).*

**153879/2023    LEKAS, THEOHARIS vs. DEZER PROPERTIES, LLC ET AL**                    **Page 4 of 6**
**Motion No.  001 003**

[* 4]                                                           4 of 6

*CPLR §2004* states "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed." *See, CPLR §2004.*

"The factors to be considered on a *forum non conveniens* motion include: the burden on the New York Courts, the potential hardship to the defendant, and the unavailability of an alternative forum in which plaintiff may bring suit. The Court may also consider that both parties to the action are nonresidents and that the transaction out of which the cause of action arose occurred in a foreign jurisdiction . . . . no one factor is controlling." *See, Hayes v. Anderson & Sheppard Limited*, 225 A.D.3d 471 (1st Dep't 2024) *(internal citations omitted)*. Here, this Court within its discretion and in the interest of substantial justice finds that the movant-defendants' motion to dismiss based on *forum non conveniens* is granted and the action is dismissed.

Furthermore, this Court finds dismissal is warranted because the alleged incident and medical records all took place outside New York, and although Defendants' managers had at one period listed their New York residential address, they were not involved with the alleged incident that occurred in the State of Florida. *See, Phat Tan Nguyen v. Banque Indosuez*, 19 A.D.3d 292 (1st Dep't 2005). Lastly, in the exercise of this Court's independent discretion this matter is dismissed because this Court finds that the necessary documents, witnesses, and situs of the alleged incident are all located in Florida. Although, the plaintiff argues that there would be no hardship to defendants to litigate this action in New York, the plaintiff contends it would face hardship if this case were to take place in Florida because plaintiff's critical witnesses are located in New York, however, the plaintiff does not identify who the witnesses are. This Court further finds that Florida has a stronger interest than New York in the action since this incident occurred onsite at a Florida based company and Florida has a stronger interest in the governance of its companies. *See, Hayes v. Anderson & Sheppard Limited*, 225 A.D.3d 471 (1st Dep't 2024). "New York is no more convenient to any party since none of the parties presently live there." *See, Meshulam v. Brill*, 144 A.D.2d 311 (1988). Consequently, in balancing all the factors, this Court finds New York is an inconvenient forum.

Accordingly, it is hereby

**ORDERED** that Defendants Dezer Properties and Dezer Hotels motions pursuant to *CPLR§327(a)* and/or *CPLR §3211(a)(7)* dismissing the complaint in its entirety is hereby GRANTED; and it is further

**153879/2023   LEKAS, THEOHARIS vs. DEZER PROPERTIES, LLC ET AL**      **Page 5 of 6**
**Motion No.  001 003**

5 of 6

**ORDERED** that Defendants Dezer Properties and Dezer Hotels motions pursuant to *CPLR§2004* granting defendant an extension of time to answer the complaint is moot; and it is further

**ORDERED** that within 30 days of entry, Defendants Dezer Properties and Dezer Hotels shall serve a copy of this decision/order upon the Plaintiff with notice of entry; and it is further

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered.

This constitutes the Decision and Order of the Court.

__5/21/2024__
**DATE**

**LISA S. HEADLEY, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- | --- |
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**153879/2023   LEKAS, THEOHARIS vs. DEZER PROPERTIES, LLC ET AL**
**Motion No.  001 003**

Page 6 of 6

6 of 6